Opinion issued August 16, 2007 





 



 











In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00691-CV

____________


HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY
APPRAISAL REVIEW BOARD, Appellants


V.


PRIMROSE HOUSTON 7 HOUSING, L.P., Appellee






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2005-03139






O P I N I O N

 Appellants, Harris County Appraisal District and Harris County Appraisal
Review Board (collectively "HCAD"), challenge the trial court's summary judgment
in favor of appellee, Primrose Houston 7 Housing, L.P. ("Primrose L.P."), on
Primrose L.P.'s claim that it is entitled to an exemption from 2003 ad valorem taxes
it sought under section 11.182 of the Texas Tax Code. (1) In two issues, HCAD
contends that the trial court erred in denying HCAD's motion for summary judgment
and in granting Primrose L.P.'s motion for summary judgment because Primrose L.P.
is not entitled to the property tax exemption authorized by article VIII, section 2(a)
of the Texas Constitution (2) and the enabling legislation, sections 11.18 and 11.182 of
the Texas Tax Code. (3)

 We reverse and render judgment in favor of HCAD.

Factual and Procedural Background

 Primrose L.P., a for-profit limited partnership, is the owner of the 280-unit
Primrose Casa Bella apartment complex ("the apartments") located at 5000-5100
Airline Drive in Houston, Texas. Construction of the apartments was in large part
publicly financed with low-income housing tax credits, tax-exempt bonds, and a loan
from the City of Houston. Primrose L.P. is structured with Primrose Houston 7
Development L.L.C. ("Primrose L.L.C.") as its general partner with a 0.01% interest, (4)
MMA Special Limited Partner, Inc. ("MMA Special") as a special limited partner
with a 0.00% interest, (5) MMA Financial Warehousing, L.L.C. ("MMA Financial") as
an investor limited partner with a 99.99% interest, (6) and Primrose Skyline Apartments
SLP, L.L.C. ("Primrose SLP") as a class B limited partner with a 0.00% interest. (7)

 On December 19, 2003, Brian Potashnik assigned his 100% interest in the
general partner, Primrose L.L.C., to Southeast Texas Housing Partners, Inc.
("Southeast Partners"). Southeast Partners is organized as a non-profit corporation
and is recognized as a community housing development organization ("CHDO"). (8)

 This dispute arose when, on January 2, 2004, HCAD received from Southeast
Partners an "Application for Community Housing Development Organization
Improving Property for Low-Income and Moderate-Income Housing Property Tax
Exemption" seeking an ad valorem tax exemption for the apartments for 2003 and all
subsequent years. Southeast Partners filed the application on behalf of Primrose L.P. 
After HCAD denied the application on the ground that Primrose L.P. did not meet the
exemption requirements, Primrose L.P. filed suit in the district court. Both parties
filed motions for summary judgment, and the trial court denied HCAD's motion and
entered judgment that Primrose L.P. is entitled to the tax exemption.Standard of Review

 A party moving for summary judgment has the burden of proving that there is
no genuine issue of material fact and that it is entitled to judgment as a matter of law. 
Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., Inc., 690 S.W.2d 546, 548
(Tex. 1985); Farah v. Mafrige & Kormanik, P.C., 927 S.W.2d 663, 670 (Tex.
App.--Houston [1st Dist.] 1996, no writ). When reviewing a summary judgment, we
take as true all evidence favorable to the nonmovant, and we indulge every reasonable
inference and resolve any doubts in the nonmovant's favor. Valence Operating Co.
v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). When both parties move for summary
judgment on the same issue and the trial court grants one motion and denies the other,
as here, we consider the summary judgment evidence presented by both sides,
determine all questions presented, and, if we determine that the trial court erred,
render the judgment that the trial court should have rendered. Id.

Property Tax Exemption

 In two issues, HCAD argues that the trial court erred in denying its summary
judgment motion and in granting Primrose L.P.'s summary judgment motion because
Primrose L.P. is not entitled to the property tax exemption authorized by article VIII,
section 2(a) of the Texas Constitution (9) and the enabling legislation, sections 11.18
and 11.182 of the Texas Tax Code. See Tex. Const. art. VIII, § 2(a); Tex. Tax
Code Ann. §§ 11.18, 11.182 (Vernon Supp. 2006).

 Section 11.182 allows an organization qualifying as a CHDO to claim an
exemption from ad valorem taxes that would otherwise be assessed against real
property owned by the organization. Tex. Tax Code Ann. § 11.182. Subsection
11.182(b) provides,

 (b) An organization is entitled to an exemption from taxation of
improved or unimproved real property it owns if the organization: 


 (1) is organized as a community housing development
organization; 


 (2) meets the requirements of a charitable organization
provided by Sections 11.18(e) and (f); (10) 


 (3) owns the property for the purpose of building or
repairing housing on the property to sell without
profit to a low-income or moderate-income
individual or family satisfying the organization's
eligibility requirements or to rent without profit to
such an individual or family; and 


 (4) engages exclusively in the building, repair, and sale
or rental of housing as described by Subdivision (3)
and related activities. 


Tex. Tax Code Ann.§ 11.182(b) (emphasis added).

 We note that exemptions from taxation are not favored by the law and will not
be favorably construed. N. Alamo Water Supply Corp. v. Willacy County Appraisal
Dist., 804 S.W.2d 894, 899 (Tex. 1991). Statutory exemptions from taxation are
subject to strict construction because they undermine equality and uniformity by
placing a greater burden on some taxpaying businesses and individuals rather than
placing the burden on all taxpayers equally. Id. Accordingly, the burden of proof of
clearly showing that the organization falls within the statutory exception is on a
claimant. Id. 

 Because Southeast Partners is a CHDO, it is eligible under section 11.182(b)
for ad valorem tax exemptions on property it owns. See Tex. Tax Code Ann. §
11.182(b). Here, however, it is undisputed that Primrose L.P. holds legal title to the
apartments. Moreover, Primrose L.P., against whom the taxes were assessed, is not
a CHDO, nor is Primrose L.L.C., the general partner of Primrose L.P.

 Nevertheless, Primrose L.P. argues that it is entitled to the section 11.182
exemption because Southeast Partners owns one-hundred percent of the interest in the
general partner and "maintains both control over and equitable title to the property." 
In support of its argument, Primrose L.P. relies on our recent decision in TRQ
Captain's Landing, L.P. v. Galveston Cent. Appraisal Dist., 212 S.W.3d 726, 729
(Tex. App.--Houston [1st Dist.] 2006, pet. filed).

 In TRQ Captain's Landing, this Court held that "an otherwise qualified
equitable property owner may obtain an exemption from ad valorem taxes pursuant
to subsection 11.182(b)." 212 S.W.3d at 736. This holding was based on the
determination that subsection 11.182(e) "clearly provides for an exemption for a
CHDO that is only the equitable owner of property whose legal owner is a
partnership." Id. at 735; see also Tex. Tax Code Ann.§ 11.182(e)(1) (providing that
in order to gain exemption for certain apartments constructed after December 31,
2001, organization must "control 100 percent of the interest in the general partner if
the project is owned by a limited partnership"). Therefore, we must determine
whether Southeast Partners holds equitable title to the apartments.

 HCAD argues that Southeast Partners, the CHDO that "allegedly controls the
general partner of Primrose L.P.," does not have equitable title to the apartments
because it cannot compel or effect the transfer of legal title, nor does it hold the future
right to title.

 An entity holds equitable title when it possesses the present right to compel
legal title. TRQ Captain's Landing, 212 S.W.3d at 732; Harris County Appraisal
Dist. v. Se. Tex. Hous. Fin. Corp., 991 S.W.2d 18, 23 (Tex. App.--Amarillo 1998, no
pet.). The right to compel legal title arises, for instance, under the following
circumstances: "(1) parent company A holds a full ownership interest in its subsidiary
B; (2) B holds legal title to certain real property; (3) upon dissolution of B, legal title
to its real property will revert to A; and (4) A has the power to dissolve B at anytime." 
TRQ Captain's Landing, 212 S.W.3d at 732; see also Se. Tex. Hous. Fin. Corp., 991
S.W.2d at 21-23. When a tax exempt entity holds equitable title to property, the
property is tax exempt. TRQ Captain's Landing, 212 S.W.3d at 732; Se. Tex. Hous.
Fin. Corp., 991 S.W.2d at 23. Thus, CHDO status, a necessary condition to receiving
an exemption under section 11.182(b), can be imputed to non-CHDO subsidiaries that
are wholly owned and controlled by a CHDO. TRQ Captain's Landing, 212 S.W.3d
at 733-34; Orange County Appraisal Dist. v. Agape Neighborhood Improvement,
Inc., 57 S.W.3d 597, 602 (Tex. App.--Beaumont 2001, pet. denied).

 We noted in TRQ Captain's Landing that TRQ Captain's Landing, L.P.
("TRQ") held legal title to the apartments at issue. 212 S.W.3d at 728-29. American
Housing Foundation ("AHF"), a CHDO, later obtained ownership and control of
TRQ. Id. AHF then formed CD Captain's Landing, L.L.C. ("CD") and became its
sole member. Id. at 729. Thus, CD was wholly owned by AHF. Id. CD purchased
TRQ and obtained a 100% membership interest in TRQ's sole general partner, TRQ
Galveston, L.L.C. Id. CD's purchase of TRQ was structured such that CD possessed
a 99% limited partnership interest in TRQ. Id. The remaining one percent interest
in TRQ was held by TRQ Galveston, L.L.C., TRQ's general partner in which CD
possessed a 100% membership interest. Id.

 CD filed an application with the appraisal district seeking an ad valorem tax
exemption for the apartments under section 11.182. Id. In its application, CD
contended that an exemption should be imputed through the partnership chain and
back to AHF, the CHDO. Id. at 730. This Court held that because AHF had the
present right to compel legal title to the apartments, it thus had equitable title. Id. at
732-33. Our decision was based in part on the fact that according to CD's articles
of organization, AHF was CD's sole member, the members of CD could vote to
dissolve CD at anytime, and, upon dissolution, CD's assets were to revert to its
members, namely, AHF. Id. at 732. Additionally, the boards of AHF and CD were
comprised of the same directors. Id. In the event of dissolution, TRQ and TRQ
Galveston's assets would revert to their respective members, namely to CD, which
in turn could be dissolved at any time by AHF, with the result that CD's assets would
revert to AHF. Id.

 Here, in contrast, Southeast Partners, the CHDO, has a 100% membership
interest in the general partner, Primrose L.L.C., which has a 0.01% interest in the
limited partnership, Primrose L.P., but has no interest in the limited partners, namely
MMA Special, MMA Financial, and Primrose SLP. Although Southeast Partners
controls 100% of the general partner interest in the limited partnership, it has no
control over the outstanding 99.99% interest in Primrose L.P. Thus, Southeast
Partners does not have the present right to compel legal title to the apartments and
TRQ Captain's Landing is inapplicable.

 We hold that Primrose L.P., through Southeast Partners, does not meet the
requirements for the property tax exemption under sections 11.18 and 11.182 of the
Texas Tax Code. Having so held, we need not address HCAD's argument that the
section 11.182(b) exemption was not available to Primrose L.P. because it "filed its
exemption application with HCAD on January 2, 2004, well after its public financing
was in place, after the section 11.182 exemption was no longer available, and without
a prior request to the Appraisal District for a preliminary determination to facilitate
financing before acquiring the property." See Tex. Tax Code Ann. § 11.182(j). 
Accordingly, we further hold that the trial court erred in granting summary judgment
in favor of Primrose L.P. and in denying HCAD's motion for summary judgment.

 We sustain HCAD's two issues.Conclusion

 We reverse the judgment of the trial court and render judgment that Primrose
L.P. is not entitled to an ad valorem tax exemption under sections 11.18 and 11.182
of the Texas Tax Code.



 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Alcala.
1. See Tex. Tax Code Ann. § 11.182 (Vernon Supp. 2006).
2. See Tex. Const. art. VIII, § 2(a).
3. See Tex. Tax Code Ann. §§ 11.18, 11.182 (Vernon Supp. 2006).
4. Primrose L.L.C. is a Texas limited liability company.
5. MMA Special is a Florida corporation.
6. MMA Financial is a Maryland limited liability company.
7. Primrose SLP is a Texas limited liability company.
8. For the purposes of section 11.182 of the Texas Tax Code, a CHDO "has the meaning
assigned by 42 U.S.C. Section 12704." Tex. Tax Code Ann. § 11.182(a)(2). Section
12704 of the United States Code defines a CHDO as: (1) a non-profit organization
organized under state or local laws; (2) whose purpose is to provide affordable
housing to low-income and moderate-income persons; and (3) that "maintains,
through significant representation on the organization's governing board and
otherwise, accountability to low-income community residents." 42 U.S.C. § 12704
(2000).
9. We note that before an organization can be considered for tax exempt status under
sections 11.18 or 11.182 of the Texas Tax Code, it must first meet the applicable
constitutional requirements that entitle it to seek the exemption. See N. Alamo Water
Supply Corp. v. Willacy County Appraisal Dist., 804 S.W.2d 894, 899 (Tex. 1991). 
Because of our disposition of this appeal, we do not reach the issue of whether
Primrose L.P. would meet the constitutional requirements. See Tex. Const. art. VIII,
§ 2(a) (providing that "legislature may, by general laws, exempt from taxation . . . any
property owned by . . . institutions engaged primarily in public charitable functions,
which may conduct auxiliary activities to support those charitable functions").
10. Subsections (e) and (f) of section 11.18 of the Texas Tax Code provide that a
charitable organization (1) may not accrue distributable profits or pay salaries
exceeding a reasonable allowance for services rendered; (2) must use its assets to
perform charitable functions; and (3) must adopt a bylaw or regulation mandating that
upon dissolution, the organization's assets are to be transferred to the State or a
qualified charitable organization. Tex. Tax Code Ann. § 11.18(e)-(f).