In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-207 CV


____________________



ORANGE COUNTY APPRAISAL DISTRICT, Appellant



V.



AGAPE NEIGHBORHOOD IMPROVEMENT, INC., Appellee






On Appeal from the 163rd District Court


Orange County, Texas


Trial Cause No. B-990011-C






OPINION


 Orange County Appraisal District (appellant) appeals the trial court's rendering of
a judgment ordering appellant to enter property owned by Agape Neighborhood
Improvement, Inc. (appellee) as exempt from ad valorem taxes for the tax years 1998,
1999 and 2000. Appellee first sought tax exemption from appellant. When appellant
denied appellee's application and the Orange County Appraisal Review Board upheld this
denial, appellee brought suit. As noted above, the trial court rendered judgment in
appellee's favor after a bench trial on stipulated facts. Appellant then prosecuted this
appeal. 

 Appellant presents two issues for our consideration, viz:

 Issue 1: The trial court erred in rendering judgment for Appellee Agape
Neighborhood because there was no evidence or insufficient evidence to
support the trial court's judgment that Appellee's property should be exempt
for tax years 1998, 1999 and 2000.


 Issue 2: As a matter of law, the trial court erred in rendering judgment that
Appellee Agape Neighborhood's property should be exempt for tax years
1998, 1999, and 2000. 


Because this case was submitted to the trial court on an agreed statement of facts and the
trial court certified the agreed statement of facts as correct, the stipulated facts are binding
on the parties and on this Court. See Tex. R. Civ. P. 263; Tarrant Appraisal Review Bd.
v. Martinez Bros. Investments, Inc., 946 S.W.2d 914, 917 (Tex. App.--Fort Worth 1997,
no writ). Although appellant's first issue presents legal and factual sufficiency questions,
we do not review the legal or factual sufficiency of the evidence in a case tried on an
agreed statement of facts. City of Harlingen v. Avila, 942 S.W.2d 49, 51 (Tex. App.--Corpus Christi 1997, writ denied). 

 "A case submitted to the trial court upon an agreed statement of facts is in the
nature of a special verdict and is a request by the litigants for judgment in accordance with
the applicable law." Roberts v. Squyres, 4 S.W.3d 485, 488 (Tex. App.--Beaumont 1999,
pet. denied). "The trial court and the reviewing court may not, unless provided otherwise
in the agreed statement, find any facts not conforming to the agreed statement." Id. 
"Therefore, the sole question on appeal is, 'Did the trial court correctly apply the law to
the admitted facts?'" Id. "The trial court's conclusion, being one of law, will be upheld
on appeal if it can be sustained on any legal theory supported by the evidence." Mid-Century Ins. Co. of Tex. v. Childs, 15 S.W.3d 187, 188 (Tex. App.--Texarkana 2000, no
pet.). Being solely one of law, we review the trial court's decision on the agreed statement
of facts de novo. Port Arthur Indep. Sch. Dist. v. Port Arthur Teachers Ass'n, 990
S.W.2d 955, 957 (Tex. App.--Beaumont 1999, pet. denied). 

 At the outset, we overrule appellant's first issue and focus instead on appellant's
second issue complaining that the trial court's finding of tax exempt status for appellee was
incorrect "as a matter of law." In its brief to this Court, appellant describes its decision
regarding appellee's application for tax exempt status in this way: 

 The exemption was properly denied by both the Chief Appraiser and the
Appraisal Review Board because Agape Neighborhood does not qualify
for the exemption. The facts stipulated by both parties indicate that Agape
Neighborhood's parent corporation, American Agape, may qualify for the
exemption. . . . But there is absolutely no evidence in the record that the
owner of the subject property, Agape Neighborhood, qualifies for the
exemption. (emphasis added)


 While the stipulated facts support this general observation that appellant's
application for tax exempt status was denied, the record before us does not reflect what
specific legal infirmity was involved in appellant's ultimate decision to deny tax exempt
status to appellee. Indeed, the record before us depicts a rather cavalier attitude on the
part of appellant's chief appraiser in the denial letter she sent to appellee. We quote from
said letter, dated July 31, 1998, informing appellee of the denial: 

 On June 11, 1998 I requested additional information on your exemption
application for low-income for the Chivas Square Apartments. To date I
have not received the information which I requested; therefore, your
exemption is hereby denied.


 I am enclosing your appointment with the Appraisal Review Board.


 If you have any questions, please feel free to call.


 So, in examining the substance of the July 31, 1998, letter from the chief appraiser
to appellee, it appears the denial of tax exemption status was based upon the fact that
appellee apparently had failed to supplement its exemption application with further
information in what the chief appraiser considered to be a timely manner. The appraisal
review board's written order upholding the chief appraiser's decision provides nothing to
enlighten us as to any substantive reason for denying appellee tax exempt status. We,
therefore, look to the statute in question for enlightenment. 

 Tex. Tax Code Ann. §11.182 (Vernon Supp. 2001), entitled "Community Housing
Development Organizations Improving Property for Low-Income and Moderate-Income
Housing" provides the following:

 (a) An organization is entitled to an exemption from taxation of improved
or unimproved real property it owns if the organization:


 (1) is organized as a community housing development
organization; 

 (2) meets the requirements of a charitable organization
provided by Sections 11.18(e) and (f); 

 (3) owns the property for the purpose of building or repairing
housing on the property to sell without profit to a low-income
or moderate-income individual or family satisfying the
organizations's eligibility requirements or to rent without profit
to such an individual or family; and 

 (4) engages exclusively in the building, repair, and sale or
rental of housing as described by Subdivision (3) and related
activities. 


 (b) Property owned by the organization may not be exempted under
Subsection (a) after the third anniversary of the date the organization
acquires the property unless the organization is offering to rent or is renting
the property without profit to a low-income or moderate-income individual
or family satisfying the organization's eligibility requirements.

 (c) A person claiming an exemption for property described under this section
must comply with the requirements of Sections 11.43(a) and (b).

 (d) An organization entitled to an exemption under Subsection (a) is also
entitled to an exemption from taxation of any building or tangible personal
property the organization owns and uses in the administration of its
acquisition, building, repair, sale, or rental of property. To qualify for an
exemption under this subsection, property must be used exclusively by the
organization, except that another person may use the property for activities
incidental to the organization's use that benefit the beneficiaries of the
organization. 

 (e) In this section "community housing development organization" has the
meaning assigned that term by 42 U.S.C. Section 12704. 


 From the record before us, the stipulated facts indicate that appellee meets all of the
requirements listed under section 11.182 of the Property Tax Code. Appellant's brief
concentrates solely on the lack of proof that appellee "meets the qualifications of a
CHDO." "CHDO" stands for the term "Community Housing Development Organization"
as mentioned in section 11.182. As noted above, "community housing development
organization" has the meaning assigned to that term by 42 U.S.C.A. § 12704 (West 1995). 
Section 12704 of Title 42 of the United States Code provides the following pertinent
definition:

 (6) The term "community housing development organization" means a
nonprofit organization as defined in paragraph (5), that - 


 (A) has among its purposes the provision of decent housing
that is affordable to low-income and moderate-income persons;

 (B) maintains, through significant representation on the
organization's governing board and otherwise, accountability
to low-income community residents and, to the extent
practicable, low-income beneficiaries with regard to decisions
on the design, siting, development, and management of
affordable housing; 

 (C) has a demonstrated capacity for carrying out activities
assisted under this Act; and 

 (D) has a history of serving the local community or
communities within which housing to be assisted under this
Act is to be located.


 Paragraph (5) reads as follows:

 (5) The term "nonprofit organization" means any private, nonprofit
organization (including a State or locally chartered, nonprofit organization)
that -


 (A) is organized under State or local laws, 

 (B) has no part of its net earnings inuring to the benefit of any
member, founder, contributor, or individual,

 (C) complies with standards of financial accountability
acceptable to the Secretary, and 

 (D) has among its purposes significant activities related to the
provision of decent housing that is affordable to low-income
and moderate-income persons.


 The stipulated facts which we feel are dispositive of this case are reproduced as
follows:


 This case involves a dispute over whether Agape Neighborhood is
entitled to an exemption under § 11.182 of the Texas Property Tax
Code for property it owns in Orange County, Texas for tax years
1998, 1999 and 2000.




 Agape Neighborhood's Articles of Incorporation specify that it is a
wholly-owned, qualifying subordinate unit of American Agape
Foundation, Inc. ("American Agape"). 

 At all relevant times, Agape Neighborhood owned the property. 
Agape Neighborhood acquired the property in December of 1994.

 Agape Neighborhood is a non profit corporation, incorporated on
February 16, 1993. Agape Neighborhood, at all relevant times, was
authorized to transact business in the State of Texas, and was a non
profit corporation as defined by the Texas Non-Profit Corporation
Act. 




 At all relevant times, American Agape was exempt from federal
income tax under Section 501(c)(3) of the United States Internal
Revenue code. Likewise, Agape Neighborhood, as a qualified
subordinate unit of American Agape, was exempt from federal
income tax under Section 501(c)(3) at all relevant times.




 At all relevant times, Agape Neighborhood owned the property for
the purpose of building or repairing housing on the property to rent
without profit to low-income or moderate-income individuals or
families satisfying applicable eligibility requirements. The referenced
"eligibility requirements" used by Agape Neighborhood are the
requirements established for Community Housing Development
Organizations (CHDOs) under the National Affordable Housing Act
(NAHA). 

 At all relevant times, Agape Neighborhood was offering the Property
for rent or was renting the Property without profit to low-income and
moderate-income individuals and families satisfying applicable
eligibility requirements. 




 In December of 1998, American Agape applied for and thereafter
received certification as a CHDO from the Texas Department of
Housing and Community Affairs. Attached as Exhibit H (sic) is a
copy of the February 3, 1999 cover letter and accompanying
certificate. 

 At all relevant times, American Agape was organized as a community
housing development organization as that term is defined for purposes
of 42 U.S.C. § 12704 and Texas Property Tax Code § 11.182.




 The Exhibits numbered 1 through 17, attached to the affidavit of
Daniel P. Organ which was filed with Plaintiff's Motion for Summary
Judgment on or about November 15, 1999, are stipulated as
admissible. 



 In the instant case, we observe in appellant's brief a list of eight alleged deficiencies
that lead appellant to its conclusion that appellee does not qualify as a CHDO. 
Nevertheless, we are at somewhat of a loss to fully appreciate appellant's position that
appellee does not qualify for tax exempt status when appellant stipulated to facts that "at
all relevant times" appellee was both "a non profit corporation as defined by the Texas
Non-Profit Corporation Act" (finding 6), and "as a qualified subordinate unit of American
Agape, was exempt from federal income tax under section 501(c)(3)" (finding 8). We
recognize that appellant takes great stock in certain provisions contained in the Code of
Federal Regulations ("Code"), but, under the terms of section 11.182, the Code is not
referred to nor cross-referenced. Neither are any Code provisions referred to under either
42 U.S.C. § 12074(5) or (6). As we noted above, a case tried on agreed or stipulated facts
does not permit a legal or factual sufficiency review on appeal. Avila, 942 S.W.2d at 51. 
As the issue on appeal is solely a matter of law, we review the trial court's decision de
novo. Port Arthur I.S.D., 990 S.W.2d at 957. As such, on appeal, appellant has failed
to show us how the Code is applicable law to the facts of this case when appellant
stipulated that appellee's lack of exemption status was based upon section 11.182 (finding
2). 

 We will not examine each of appellant's eight alleged deficiencies because appellant
provides no accompanying legal authority except for number (3), which refers us to the
Code. We do note, however, that the first alleged deficiency complaining that appellee
"had [no] appropriate dissolution clause" is entirely rebutted by the finding that appellee
was a non-profit corporation as defined by the Texas Non-Profit Corporation Act, at all
relevant times. Said Act, Tex. Rev. Civ. Stat. Ann. art. 1396-1.01 -- 11.10 (Vernon
1997 & Supp. 2001), contains a very detailed procedure for both voluntary dissolutions
and involuntary dissolutions. See Tex. Rev. Civ. Stat. Ann. art. 1396-6.01 -- 7.01. 
Certainly, appellee would not have been authorized by the State of Texas under the Act if
its articles of incorporation or by-laws had been totally lacking or otherwise deficient in
that area. Furthermore, as appellant stipulated that appellee is "a qualified subordinate
unit of American Agape" (finding 8), and the facts indicate that American Agape has tax
exempt status under section 11.182 (finding 31), we see nothing in the agreed facts to
indicate any distinction to be made between the two entities, American Agape and Agape
Neighborhood, for section 11.182 purposes. Finally, appellant agrees to the fact that "at
all relevant times" the property in question was owned and operated by appellee for
reasons and specific purposes that satisfied the "applicable eligibility requirements"
established for CHDO's (findings 25 and 26).

 We conclude that based upon the stipulated facts before us, we cannot say the trial
court incorrectly applied section 11.182 to said facts. We therefore affirm the judgment
of the trial court. 

 AFFIRMED.



 _____________________________

 RONALD L. WALKER

 Chief Justice

 


Submitted on September 17, 2001

Opinion Delivered September 27, 2001

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.