Shawn JANTZEN, Appellant,

v.

The AMERICAN NATIONAL BANK OF TEXAS, N.A., Appellee.

No. 05–08–01518–CV.

Court of Appeals of Texas, Dallas.

Oct. 28, 2009.

Rehearing Overruled Nov. 18, 2009.

J. Michael Weston, Bennett, Weston & LaJone, P.C., Dallas, TX, for Appellant.

David M. Odens, Michael P. Menton, Dallas, TX, for Appellee.

Before Justices MORRIS, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FILLMORE.

Appellant Shawn Jantzen appeals the summary judgment granted appellee The American National Bank of Texas, N.A. on its suit for a promissory note deficiency. In five issues, Jantzen asserts the trial court erred in granting summary judg-

ment on the Bank's suit for deficiency because fact issues exist on whether (i) all conditions precedent had been fulfilled, (ii) the collateral was sold in a commercially reasonable manner, (iii) Jantzen was provided legally required notices, (iv) the note was in default when the collateral was repossessed, and (v) the peace was breached in repossession of the collateral. In his sixth issue, Jantzen asserts the trial court erred in overruling his objections to the Bank's summary judgment proof. In his seventh issue, Jantzen asserts the trial court erred in granting summary judgment in favor of the Bank on Jantzen's counterclaims. We reverse the summary judgment granted in favor of the Bank on its claim for deficiency on the promissory note and on Jantzen's counterclaim for conversion, and we remand this case to the trial court for further proceedings.

### Background

Jantzen was the maker of a note that was payable to the Bank and secured by a lien on collateral. The collateral in this case was an aircraft. The Bank asserted Jantzen defaulted on the note, and the Bank took possession of the aircraft and sold it. The Bank brought suit against Jantzen for the deficiency owed on the note after application of proceeds from sale of the aircraft. Jantzen filed counterclaims. The Bank moved for, and was granted, summary judgment on its claim for deficiency under the note and on Jantzen's counterclaims. Jantzen appealed the trial court's judgment.

### Standard of Review

■ The standard for reviewing a traditional summary judgment is well established. The party moving for summary judgment has the burden of showing no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Further, every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon*, 690 S.W.2d at 548–49. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.*, 644 S.W.2d 443, 446 (Tex.1982).

### Discussion

■ The Bank brought suit to collect the remaining balance due on the note after application of proceeds from sale of the aircraft. The Bank asserted in its petition that all conditions precedent to its recovery had occurred or been performed but did not specifically plead that it had disposed of the collateral in a commercially reasonable manner. Jantzen answered that the aircraft had not been sold in a commercially reasonable manner. In his first and second issues, respectively, Jantzen asserts the trial court erred in granting summary judgment on the Bank's claim for deficiency, because fact issues exist as to whether all conditions precedent to the Bank's recovery had occurred and whether the Bank's disposition of the aircraft was commercially reasonable.

Under the business and commerce code, every aspect of a secured party's disposition of collateral after default must be commercially reasonable. TEX. BUS. & COM. CODE ANN. § 9.610(b) (Vernon 2002). Section 9.610(b) provides:

(b) Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be

commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms.

Tex. Bus. & Com.Code Ann. § 9.610(b).

■■■ "A commercially reasonable disposition of collateral is in the nature of a condition to a creditor's recovery in a deficiency suit." *Greathouse v. Charter Nat'l Bank–Sw.*, 851 S.W.2d 173, 176 (Tex.1992). A creditor in a deficiency suit must plead that disposition of the collateral was commercially reasonable. *Id.* at 176–77. This may be pleaded specifically or by averring generally that all conditions precedent have been performed or have occurred. *Id.* at 177. If pleaded generally, as in this case, the creditor is required to prove that the disposition of collateral was commercially reasonable after the debtor specifically denies it in his answer. *Id.* Section 9.626(a) of the business and commerce code provides:

(a) In an action arising from a transaction, other than a consumer transaction, in which the amount of a deficiency or surplus is in issue, the following rules apply:

(1) A secured party need not prove compliance with the provisions of this subchapter relating to collection, enforcement, disposition, or acceptance unless the debtor or a secondary obligor places the secured party's compliance in issue.

(2) If the secured party's compliance is placed in issue, the secured party has the burden of establishing that the collection, enforcement, disposition, or acceptance was conducted in accordance with this subchapter.

Tex. Bus. & Com.Code Ann. § 9.626(a) (Vernon 2002). *See* Tex.R. Civ. P. 54 ("In pleading the performance or occurrence of conditions precedent, it shall be sufficient to aver generally that all conditions precedent have been performed or have occurred. When such performances or occurrences have been so plead, the party so pleading same shall be required to prove only such of them as are specifically denied by the opposite party.") *See also Greathouse*, 851 S.W.2d at 176–77 (burden of establishing that sale of collateral was conducted in commercially reasonable manner is on creditor seeking to recover balance remaining on obligation after sale of collateral); *Rabinowitz v. The Cadle Co. II, Inc.*, 993 S.W.2d 796, 800 (Tex.App.-Dallas 1999, pet. denied) (same); *Sunjet, Inc. v. Ford Motor Credit Co.*, 703 S.W.2d 285, 287 (Tex.App.-Dallas 1985, no writ) (same).

Section 9.627(b) of the business and commerce code prescribes standards for determining whether the disposition of collateral is made in a commercially reasonable manner:

(b) A disposition of collateral is made in a commercially reasonable manner if the disposition is made:

(1) in the usual manner on any recognized market;

(2) at the price current in any recognized market at the time of the disposition; or

(3) otherwise in conformity with reasonable commercial practices among dealers in the type of property that was the subject of the disposition.

Tex. Bus. & Com.Code Ann. § 9.627(b) (Vernon 2002). *See also* Tex. Bus. & Com.Code Ann. § 9.627(a) (fact that greater amount could have been obtained by disposition at different time or in different method from that selected by secured party not itself sufficient to preclude secured party from establishing disposition in commercially reasonable manner). Factors courts have considered to evaluate the commercial rea-

sonableness of a disposition of collateral include whether the secured party endeavored to obtain the best price possible, whether the sale was private or public, the condition of the collateral and any efforts made to enhance its condition, the advertising undertaken, the number of bids received, and the method employed in soliciting bids. *See Havins v. First Nat'l Bank of Paducah,* 919 S.W.2d 177, 181–182 (Tex. App.-Amarillo 1996, no writ); *Pruske v. Nat'l Bank of Commerce of San Antonio,* 533 S.W.2d 931, 937 (Tex.Civ.App.-San Antonio 1976, no writ).

■■ The issue of the commercial reasonableness of a disposition of collateral is inherently one of fact. *Lister v. Lee–Swofford Invs., L.L.P.,* 195 S.W.3d 746, 748 (Tex.App.-Amarillo 2006, no pet.); *Havins,* 919 S.W.2d at 181. "Evidence on the issue will ordinarily be more readily available to the creditor, who takes the collateral and arranges for its disposition, than to the debtor, who ordinarily plays no role in the disposition and is absent when it occurs." *Greathouse,* 851 S.W.2d at 176. *See also Sunjet,* 703 S.W.2d at 287 (secured party has better knowledge than debtor of facts surrounding disposition of the collateral). In general, it is easier for a creditor to prove that a disposition of collateral was commercially reasonable than a debtor to prove it was not. *Greathouse,* 851 S.W.2d at 176. "Furthermore, the creditor controls the disposition of the collateral, and the debtor often has little or no say in how it is done. Accordingly, the creditor bears greater responsibility to demonstrate that the disposition met the requirements of law." *Id.*

We now must review the summary judgment evidence in this case to determine if the Bank, the secured party here, met its burden of proof on the issue of commercial reasonableness. The Bank's summary judgment evidence includes a letter to Jantzen stating "After November 2, 2007, from time to time until sold, a private sale will be conducted to sell the Collateral...." The Bank also filed the affidavit of Chris Cronin, regional president of the Bank, in support of its motion for summary judgment. Cronin's affidavit states that "... pursuant to its rights under the Security Agreement, [the Bank] sold the Aircraft to Norris Aviation, LLC for $46,000...." The bill of sale is attached to Cronin's affidavit. This is the only summary judgment evidence regarding the disposition of the aircraft.

On this record, the Bank had the burden to establish that the aircraft sale was conducted in a commercially reasonable manner. However, the Bank failed to produce summary judgment evidence on any of the factors the courts of this state have traditionally considered in evaluating the commercial reasonableness of collateral disposition. For example, the Bank presented no evidence concerning the reasonableness of the method of collateral disposition or the terms of the aircraft sale. *See* Tex. Bus. & Com.Code Ann. § 9.610(b). *See also Sunjet,* 703 S.W.2d at 289 (in sale of aircraft, testimony of expert may be necessary to establish procedures used complied with practices normally followed in industry, or that sale was commercially reasonable).

Accordingly, we conclude that the summary judgment evidence did not establish as a matter of law that the sale was conducted in a commercially reasonable manner by the Bank. We sustain Jantzen's first and second issues. Our resolution of Jantzen's first and second issues obviates the need to address Jantzen's issues three, four, five, and six. *See* Tex.R.App. P. 47.1.

■ The Bank moved for summary judgment on Jantzen's counterclaims. The trial court granted summary judgment in favor of the Bank, denying Jant-

zen's counterclaims and ordering Jantzen take nothing on his counterclaims. In his seventh issue, Jantzen contends the trial court erred in granting summary judgment in favor of the Bank on his counterclaims.

Jantzen's counterclaims included an allegation that the Bank converted various items of his personal property which were in the aircraft when it was repossessed. The Bank's motion for summary judgment did not address Jantzen's counterclaim for conversion of personal property.

█ To dispose of the entirety of Jantzen's counterclaims, the Bank's motion for summary judgment was required to identify or address each of Jantzen's claims and the essential elements of those claims on which the Bank contended there was no genuine issue of fact. *See Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex.1990). The court may not grant summary judgment on a cause of action not addressed in a summary judgment motion. *Id.; Rotating Servs. Indus., Inc. v. Harris*, 245 S.W.3d 476, 487 (Tex.App.-Houston [1st Dist.] 2007, pet. denied). As a result, we conclude the trial court erred by granting summary judgment in favor of the Bank on Jantzen's counterclaim for conversion. We sustain that portion of Jantzen's seventh issue asserting the trial court erred in granting the Bank summary judgment on Jantzen's conversion claim.

 With regard to the remainder of Jantzen's counterclaims, in his seventh issue Jantzen does not present proper argument or citation of authority. Bare assertions of error, without citations to the record or to authority, are insufficient to preserve error for our review. *See Thedford v. Union Oil Co.*, 3 S.W.3d 609, 615 (Tex.App.-Dallas 1999, pet. denied); *Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex.App.-Dallas 1995, writ denied); *see also Fredonia State Bank v. Gen. Am.*

*Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (appellate court has discretion to waive points of error due to inadequate briefing).

Because Jantzen has failed to provide this Court with a clear and accurate argument supported by appropriate citations to authority or to the record, he has failed to preserve error for our review. TEX.R.APP. P. 38.1(i) (brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *Fredonia State Bank*, 881 S.W.2d at 284; *Blanks v. Liberty Mut. Fire Ins. Co.*, 196 S.W.3d 451, 452 (Tex.App.-Dallas 2006, pet. denied) (inadequate briefing waives complaint). We therefore conclude Jantzen has waived the remainder of issue seven due to inadequate briefing. Accordingly, as to Jantzen's counterclaims other than his conversion counterclaim, we overrule Jantzen's seventh issue.

### Conclusion

We reverse the summary judgment granted in favor of the Bank on its claim for deficiency on the promissory note. We reverse the summary judgment in favor of the Bank on Jantzen's counterclaim for conversion. In all other respects the final judgment is affirmed. We remand this case to the trial court for further proceedings.