

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-13-00182-CV

PARKER COUNTY APPRAISAL
DISTRICT

APPELLANT

V.

JAMES D. FRANCIS

APPELLEE

----------

## FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

This is a property tax appeal from a judgment following a bench trial on stipulated facts. The primary issue we address is whether under the Texas Tax Code a tract of real property may qualify for the residence homestead exemption and the open-space land valuation at the same time. *See* Tex. Tax Code Ann. §§ 11.13, 23.51 (West Supp. 2013). Because we hold that—based on the

narrow issue presented by the stipulated facts before us—the three-acre tract of real property at issue here qualifies for both the residence homestead exemption and the open-space land valuation, we will affirm the trial court's judgment.

## II. THE STIPULATED FACTS[1]

Francis owns three contiguous tracts of land in Parker County: a three-acre tract, a one-acre tract, and a nine-acre tract. A home in which Francis lives is located on the one-acre tract. The properties are contiguous, forming one thirteen-acre tract of property.

Prior to 2010, Francis had applied for and was granted by Appellant Parker County Appraisal District (PCAD) a valuation of the three-acre tract as open-space land for purposes of ad valorem taxes. The parties stipulated to the following: in 2010 and 2011, Francis applied for the residence homestead exemption on the three-acre tract; the PCAD chief appraiser and the Parker County Appraisal Review Board denied application of the residence homestead exemption to the three-acre tract for both 2010 and 2011; Francis's pleading challenged this denial for both years; the value of the three-acre tract if, as Francis contends, it did qualify to be appraised as open-space land and as part of Francis's residence homestead; and the value of the three-acre tract if, as

---

[1]The parties provided the trial court with two sets of stipulated facts and the declaration of Appellee James D. Francis, which the parties stipulated was admissible.

2

PCAD contends, it did not qualify to be appraised both as open-space land and as part of Francis's residence homestead.

After a bench trial based on the stipulated facts, the trial court ruled for Francis and signed a judgment applying the residence homestead exemption to the three-acre tract so that it received the residence homestead exemption and was also valued for ad valorem tax purposes as open-space land for the years 2010 and 2011. Because the parties stipulated that the appraised value of the three-acre tract—if it qualified for the residence homestead exemption in addition to the existing open-space land valuation—was $53,616, the trial court signed a judgment ordering a reduction in the appraised value of the three-acre tract to that amount. PCAD perfected this appeal from that judgment.

### III. STANDARD OF REVIEW

We apply a de novo standard of review to a case tried on stipulated facts. *See Panther Creek Ventures, Ltd. v. Collin Cent. Appraisal Dist.*, 234 S.W.3d 809, 811 (Tex. App.—Dallas 2007, pet. denied). The stipulations are binding on the parties, the trial court, and the reviewing court. *Alma Grp., L.L.C. v. Palmer*, 143 S.W.3d 840, 843 (Tex. App.—Corpus Christi 2004, pet. denied). We are limited to the stipulated facts unless other facts are necessarily implied from the express facts stipulated. *See Highlands Ins. Co. v. Kelley-Coppedge, Inc.*, 950 S.W.2d 415, 417 (Tex. App.—Fort Worth 1997), *rev'd on other grounds*, 980 S.W.2d 462 (Tex. 1998). We do not review the legal or factual sufficiency of the evidence in a case tried on stipulated facts. *Orange Cnty. Appraisal Dist. v.*

3

*Agape Neighborhood Improvement, Inc.*, 57 S.W.3d 597, 598 (Tex. App.—Beaumont 2001, pet. denied). The sole question on appeal is whether the trial court correctly applied the law to the stipulated facts. *Id.*

## IV. RULES OF STATUTORY CONSTRUCTION

In construing statutes, our primary objective is to give effect to the legislature's intent. *Tex. Lottery Comm'n v. First State Bank of DeQueen*, 325 S.W.3d 628, 635 (Tex. 2010) (citing *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex. 2009)). We rely on the plain meaning of the text as expressing legislative intent unless a different meaning is supplied by legislative definition or is apparent from the context or the plain meaning leads to absurd results. *Id.* We presume that the legislature selected language in a statute with care and that every word or phrase was used with a purpose in mind. *Id.* (citing *In re Caballero*, 272 S.W.3d 595, 599 (Tex. 2008)). Courts should read statutes as a whole and interpret statutes to give effect to "every sentence, clause, and word of a statute so that no part thereof [will] be rendered superfluous." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) (quoting *Spence v. Fenchler*, 107 Tex. 443, 457, 180 S.W. 597, 601 (1915)).

## V. ANALYSIS

PCAD raises two points that we address on appeal.[2] In its first point, PCAD claims that the trial court erred as a matter of law by holding that the three-acre tract qualified for both open-space land valuation and also a residence homestead exemption. PCAD's third point argues that the trial court erred as a matter of law by failing to strictly construe Francis's right to the residence homestead exemption. We will address these two points together.

### A. The Relevant Tax Code Provisions

### 1. Residence Homestead Exemption

A residence homestead is defined as

a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:

(A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;

(B) is designed or adapted for human residence;

---

[2]PCAD's brief states four points, but its second point challenges the sufficiency of the evidence; we do not review the legal or factual sufficiency of the evidence in a case tried on stipulated facts. *See Orange Cnty.*, 57 S.W.3d at 598; *City of Harlingen v. Avila*, 942 S.W.2d 49, 50–51 (Tex. App.—Corpus Christi 1997, writ denied). Consequently, we overrule PCAD's second point. And PCAD's fourth point, immediately under the point, states, "Not Briefed Herein." Points that are not briefed present nothing for our review. Tex. R. App. P. 38.1(i); *see, e.g.*, *Jantzen v. Am. Nat'l Bank of Tex., N.A.*, 300 S.W.3d 412, 417 (Tex. App.—Dallas 2009, no pet.). Because PCAD's fourth point presents nothing for our review, PCAD has waived this point. *See Jantzen*, 300 S.W.3d at 417.

(C) is used as a residence; and

(D) is occupied as the individual's principal residence by an owner or, for property owned through a beneficial interest in a qualifying trust, by a trustor or beneficiary of the trust who qualifies for the exemption.

Tex. Tax Code Ann. § 11.13(j)(1). Section 11.13 of the tax code sets forth exemptions from taxation of certain amounts of the assessed value of a residence homestead. *Id.* § 11.13(a), (b), (c), (d).

When a tax-paying landowner is actually residing on a parcel of less than twenty acres of land, the chief appraiser may not refuse to accord residence homestead status to the entire parcel of land. Tex. Att'y Gen. Op. No. JM-40 (1983); *see also* Tex. Att'y Gen. Op. No. GA-0752 (2009) ("If the chief appraiser finds that contiguous lots totaling less than twenty acres are being used as a residence homestead, the taxpayer is entitled to an exemption on the entire property.").

## 2. Open-Space Land Valuation

Both the Texas constitution and the Texas Tax Code contain provisions to promote the preservation of open-space land devoted to farm or ranch purposes. *See* Tex. Const. art. VIII, § 1-d-1 (amended 1995);[3] Tex. Tax Code Ann.

---

[3]The Texas constitution provides:

(a) To promote the preservation of open-space land, the legislature shall provide by general law for taxation of open-space land devoted to farm, ranch, or wildlife management purposes on the basis of its productive capacity and may provide by general law for taxation of open-space land devoted to timber production on the

§§ 23.51–.54 (West 2008 & Supp. 2013).  The open-space land valuation allows property used for farm or ranch purposes to be valued based upon the property's productive capacity rather than its market value.  *See HL Farm Corp. v. Self*, 877 S.W.2d 288, 292 (Tex. 1994).  Property is qualified for the open-space land valuation if 1) it is currently being devoted principally to "agricultural use" to the degree of intensity generally accepted in the area, and 2) the property has been devoted principally to "agricultural use" or to production of timber or forests for five of the preceding seven years.  Tex. Tax Code Ann. § 23.51(1).

The appraised value of open-space land is determined on the basis of the category of the land—that is, based on the value classification of the land considering the agricultural use to which the land is principally devoted, such as irrigated cropland, dry cropland, improved pasture, native pasture, orchard, waste, or other categories established by the chief appraiser—using accepted income capitalization methods applied to average net to land.  *See id.* § 23.51(3) (defining "category"), § 23.52(a) (setting forth method for determining appraised value of qualified open-space land).  "Net to land" means the average annual net income derived from the use of open-space land that would have been earned from the land during the five-year period preceding the year before the appraisal

basis of its productive capacity. The legislature by general law may provide eligibility limitations under this section and may impose sanctions in furtherance of the taxation policy of this section.

Tex. Const. art. VIII, § 1-d-1(a).

by an owner using ordinary prudence in the management of the land and the farm crops or livestock produced or supported on the land and, in addition, any income received from hunting or recreational leases. *Id.* § 23.51(4).

If the use of land that has been appraised as open-space land changes, an additional tax—a rollback tax—is imposed on the land equal to the difference between the taxes imposed on the land for each of the five years preceding the year in which the change of use occurs and the tax that would have been imposed if the land had been taxed on the basis of market value in each of those years, plus interest. *Id.* § 23.55(a) (West Supp. 2013). But the use of open-space land "does not change for purposes of Subsection (a) [the rollback tax provision] of this section solely because the owner of the land claims it as part of his residence homestead for purposes of Section 11.13 of this code." *Id.* § 23.55(i). For the purposes of calculating this rollback tax in later years if the use of the open-space land changes, the chief appraiser must determine the market value of the qualified open-space land (as well as the appraised value as set forth above) and must record both the market value and the appraised value in the appraisal records. *Id.* § 23.52(e).

### B. Application of the Law to the Present Facts

The declaration of Francis, which the parties stipulated was admissible, along with the other stipulated facts establish that, absent the open-space land valuation, the three-acre tract qualifies for the residence homestead exemption. *See id.* § 11.13(j)(1) (defining "residence homestead"); Tex. Att'y Gen. Op. No.

8

JM-40; *see also* Tex. Att'y Gen. Op. No. GA-0752. Francis's declaration states that the three tracts are contiguous, that the combined acreage of the three tracts tracts totals fewer than twenty acres, that the main structure on the property is his personal residence, and that he has no other residence. *See* Tex. Tax Code Ann. § 11.13(j)(1)(A), (B), (C), (D) (setting forth the elements of the definition of residence homestead). The one-acre tract received the residence homestead exemption in 2010 and 2011, and the three-acre tract is contiguous to the tract that had received the residence homestead exemption such that, absent the open-space land valuation, the three-acre tract would qualify for the residence homestead exemption. *See* Tex. Att'y Gen. Op. No. JM-40. Because the stipulated facts establish as a matter of law that, absent the open-space land valuation, the three-acre tract qualifies for the residence homestead exemption, we overrule PCAD's third point claiming that the trial court did not strictly construe Francis's right to the residence homestead exemption on the three-acre tract.

Likewise, the stipulated facts establish that, in the absence of the residence homestead exemption, the three-acre tract qualifies for the open-space land valuation; in fact, PCAD granted the three-acre tract open-space land valuation for 2010 and 2011—the years at issue here.[4] Indeed, PCAD does not

---

[4]Although the three-acre tract received the open-space land valuation for the years 2010 and 2011, Francis timely filed an application for the three-acre tract to also receive the homestead exemption for 2010 and 2011. *See* Tex. Tax Code Ann. § 11.431 (West Supp. 2013) (providing that an application for a

dispute that the three-acre tract is entitled to receive either the open-space land valuation or, if it had not already received the open-space land valuation, the residence homestead exemption; PCAD's contention in its first point is that the three-acre tract cannot receive the homestead exemption and the open-space land valuation simultaneously. We turn to that point now.

Francis outlines several provisions in the tax code that he says implicitly recognize that certain land may qualify for both the residence homestead exemption and the open-space land valuation. Those are sections 11.13, 23.25, 23.51(1), and 23.55(i). *See* Tex. Tax Code Ann. §§ 11.13, 23.51(1), 23.55(i), § 23.25 (West 2008). We discuss each of these.

Section 23.25 is titled, "Appraisal of Land Used for Single-Family Residential Purposes That is Contiguous to Agricultural or Open-Space Land with Common Ownership." *See id.* § 23.25. This section requires that if a parcel of land is used for single-family residential purposes (like Francis's one-acre tract), is contiguous to a parcel of land appraised as open-space land (like Francis's three-acre tract), and both parcels are owned by the same person (like Francis here), then the chief appraiser must appraise the parcel used for single-family residence purposes at the price it would sell if it were combined as a single parcel with the parcel appraised as open-space land. *See id.* So, here, the chief

residence homestead exemption must be accepted and approved or denied by the chief appraiser if it is filed not later than one year after the date that the taxes would have been delinquent for that tax year).

10

appraiser was required to appraise Francis's property on which his residence sits at the price it would sell for if combined with his contiguous open-space land valued property. *See id.*

The statute then requires the chief appraiser to value the parcel utilized for single-family residential purposes based on the proportion of the size that the parcel of land bears to the size of the combined parcels. *Id.* So here, Francis argues that the chief appraiser was required to appraise the parcel used for single-family residence purposes as a percentage of the value of the total combined thirteen acres he owns. Francis points out that this valuation method applies whether or not the landowner has claimed the residence homestead exemption on the parcel used for single-family residential purposes. He argues, however, that when a person has successfully claimed the residence homestead exemption on the parcel that is used for single-family residential purposes (as Francis did here), then the entire tract—both the parcel used for single-family residential use and the parcel designated open-space land—is valued based on its value as a residence homestead. *See id.* § 23.01(d) (West Supp. 2013) (providing that the market value of a residence homestead shall be determined solely on the basis of the property's value as a residence homestead).[5] Thus,

---

[5]Because the parties stipulated to the appraised value of the three-acre tract if it qualified for both the residence homestead exemption and the open-space land valuation and stipulated to its appraised value if it did not qualify for both the residence homestead exemption and the open-space land valuation, the computation of the appraised value of the property is not at issue here.

11

Francis argues, and we agree, that juxtaposing section 23.25 and section 23.01(d), the tax code implicitly contemplates that under the circumstances existing here, a parcel of land may qualify for both the residence homestead exemption and the open-space land valuation.

Francis also points out that for land to qualify as part of the twenty acres allowed to be claimed as a residence homestead that is entitled to the residence homestead exemption, it need only be "used as a residence." *See id.* § 11.13(j)(1). He points out that for land to qualify as open-space land, it must be devoted "principally to agriculture." *Id.* § 23.51(1). Francis argues that the tax code does not prohibit land (twenty acres or less) that is used as a residence homestead from also being devoted principally to agriculture. Francis argues that open-space land, unlike land claiming agricultural use valuation, may be used as a residence homestead and also be principally devoted to agricultural use; he contends that had the legislature intended to preclude open-space land from also being used as a residence homestead, it could have utilized the phrase "designated for agricultural use" in setting the criteria for open-space land as it did in setting the criteria for agricultural-use land. *Cf. id.* § 23.42(a) (West 2008) (requiring land to be devoted "exclusively to . . . agricultural use" in order to qualify for the agricultural-use valuation); Tex. Att'y Gen. Op. No. JC-0299 (2000) (allowing open-space land valuation and youth development exemption). We agree and also note that the Texas constitution supports the view that a portion of a residence homestead may also be devoted principally to agricultural use.

12

*See* Tex. Const. art. XVI, § 50(a)(6)(I) (providing that a homestead shall be protected from forced sale for the payment of all debts except for "(6) an extension of credit that: . . . (I) is not secured by homestead property that on the date of closing is designated for agricultural use as provided by statutes governing property tax, unless such homestead property is used primarily for the production of milk").

Finally, Francis points to section 23.55 of the tax code. *See* Tex. Tax Code Ann. § 23.55. This section requires the imposition of certain rollback taxes if a change in use occurs on land that has been granted open-space land valuation. *See id.*; *Resolution Trust Corp. v. Tarrant Cnty. Appraisal Dist.*, 926 S.W.2d 797, 800 (Tex. App.—Fort Worth 1996, no writ) (addressing imposition of rollback taxes for change of use of open-space land from agricultural use to nonagricultural use when open-space land was not claimed as part of a residence homestead). But subsection (i) of section 23.55 provides that "[t]he use of land does not change for purposes of [imposition of the rollback taxes] solely because the owner of the land claims it as part of his residence homestead for purpose of section 11.13 [the residence homestead exemption] of this code." Tex. Tax Code Ann. § 23.55(i). Thus, Francis argues that if the "use" of the open-space land does not change when the residence homestead exemption is claimed on the open-space land, then the use is still principally agricultural, and the open-space land is still qualified to be open-space land and to receive the open-space land valuation. Francis contends that to hold that qualified open-

13

space land may not subsequently and simultaneously be claimed as part of a residence homestead would render subsection (i) meaningless, in contravention of the rule of statutory construction requiring that every provision of a statute be given effect. *Compare id.* § 23.55(i) (stating that use of land does not change for purposes of imposition of the rollback taxes solely because the owner of the land claims it as part of his residence homestead), *with* § 23.9807 (West 2008) (not containing a no-change-in-use clause when land appraised as restricted-use timber land is claimed as a residence homestead under section 11.13 of the property code). Again, we are compelled to agree with this contention. *See, e.g.*, *City of Boerne*, 111 S.W.3d at 29 (requiring us to read the tax code as a whole and to interpret it to give effect to every sentence, clause, and word so that no part is rendered superfluous).

PCAD presents three main arguments in support of its position that the three-acre tract is not entitled to simultaneously receive a residence homestead exemption and open-space land valuation. First, PCAD argues that only one "use" of the land is possible under the tax code; that open-space land agricultural use is incompatible with residence homestead use; and that section 23.55(i) means only that no rollback tax is imposed, not that there is not a change in use. We address these contentions in turn.

PCAD relies upon section 11.13(k) for the proposition that only one use of land is allowed under the tax code and for the proposition that open-space land

14

valuation is incompatible with residential use. *See* Tex. Tax Code Ann. § 11.13(k). That section provides that

> [a] qualified residential structure does not lose its character as a residence homestead if a portion of the structure is rented to another or is used primarily for other purposes that are incompatible with the owner's residential use of the structure. However, the amount of any residence homestead exemption does not apply to the value of that portion of the structure that is used primarily for other purposes that are incompatible with the owner's residential use.

*Id.* Case law establishes that when a person claiming a residence homestead exemption uses a portion of his residential structure for nonresidential purposes, such as running a law office from home, the amount of any residence homestead exemption does not apply to the value of that portion of the structure used for the nonresidential purpose, such as a law office. *See, e.g.*, *Harris Cnty. Appraisal Dist. v. Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *6–7 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (holding that taxing authority correctly revoked twelve percent of Nunu's residence homestead exemption to reflect that portion of the subject property was being used as a law office). But we have located, and PCAD has cited, no authority applying section 11.13(k) to land that is part of a residence homestead as opposed to a residential structure; instead, plain language of this subsection makes it applicable only to a "qualified residential structure" as opposed to land.

Likewise, PCAD has cited, and we have located, no authority for the proposition that land may not be used as a residence homestead and also be

used principally for agricultural use so as to qualify as open-space land.[6]  Section 23.55(i) provides the contrary; a parcel of land qualifying for open-space land valuation does not undergo a change in use when it is claimed as part of a residence homestead.  Tex. Tax Code Ann. § 23.55(i); *see also Resolution Trust Corp.*, 926 S.W.2d at 800 (explaining that a change in use for purposes of triggering rollback taxes requires "the cessation of agricultural use of the property").  Instead, so long as the use of the qualified open-space land remains principally (not exclusively) agricultural, no change of use occurs solely because the landowner also claims the land as part of his residence homestead exemption.  Tex. Tax Code Ann. § 23.55(i).

---

[6]PCAD contends that to be designated as open-space land, agricultural use must be the *primary use* of the land; the sole authority cited by PCAD for this proposition is the *Manual for Appraisal of Agricultural Land*, which was adopted by the Texas Comptroller Property Tax Division.  *See* 34 Tex. Admin. Code § 9.4001 (1990).  But the Office of the State Comptroller assumed the duties and responsibilities of state taxation in 1991; thus, the manual referenced by PCAD is no longer in existence.  The Comptroller publishes a Texas Property Assistance Property Classification Guide, and it contains a disclaimer at the front of the guide advising that the guide is for use "in classifying property for purposes of reporting property value to the Comptroller"; that it "is not intended to direct or influence issues of local appraisal, such as whether property . . . is entitled to special appraisal"; and that "the information provided neither constitutes or serves as a substitute for legal advice."  Tex. Comptroller of Public Accounts, 2013 Texas Property Tax Assistance Property Classification Guide, *available at* http://www.window.state.tx.us/taxinfo/taxforms/96-313.pdf.  Thus, by its own terms, the guide does not trump the Texas constitution, the Texas Tax Code, or Texas case law.  *See TracFone Wireless, Inc. v. Comm'n on State Emergency Commc'ns*, 397 S.W.3d 173, 182–83 (Tex. 2013) ("We acknowledge that deference to the regulations or interpretations of an agency charged with enforcing a tax has its place . . . .  However, agency deference does not displace strict construction when the dispute is not over how much tax is due but, more fundamentally, whether the tax applies at all.").

PCAD also asserts that Francis's construction of section 23.55(i) thwarts legislative intent to impose a tax penalty upon landowners for taking property out of agricultural production. PCAD contends that the rollback tax is assessed when the landowner stops using the land for agricultural purposes in order to recapture the taxes the owner would have paid had the property been taxed at market value for each year covered by the rollback. *See Resolution Trust Corp.*, 926 S.W.2d at 800. We agree with PCAD; but here, Francis did not take his property out of agricultural production in 2010 or 2011. To the contrary, the stipulated facts and evidence before the trial court established that the three-acre tract qualified for the open-space land valuation throughout 2010 and 2011 because it was used principally for agricultural use. Moreover, the plain language of section 23.55(i) makes it clear that the legislative intent—at least with regard to having landowners obtain open-space land valuation of property that they subsequently may desire to claim as their residence homestead—was to encourage such landowners by specifically providing that for purposes of rollback taxes, the use of open-space land did not change solely because the landowner now claimed it as part of his residence homestead. Tex. Tax Code Ann. § 23.55(i).

Applying a de novo standard of review to determine whether the trial court correctly applied the law to the stipulated facts, relying on the plain meaning of the tax code provisions set forth and discussed above, presuming that the legislature selected the language in these tax code provisions with care and that

17

every word or phrase was used with a purpose in mind, and reading the tax code as a whole, we hold that based on the stipulated facts before us, Francis's three-acre tract of real property qualified for both the residence homestead exemption and the open-space land valuation for the years 2010 and 2011. Accordingly, we overrule PCAD's first point.

## VI. CONCLUSION

Having addressed and overruled the two points presented by PCAD that are reviewable in this appeal, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: June 19, 2014

18