

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

May 3, 2016

Ms. Lisa Smith
Bastrop County Auditor
804 Pecan Street
Bastrop, Texas 78602

Opinion No. KP-0081

Re: Whether Tax Code section 33.06 authorizes ad valorem property tax deferral on mixed-use property (RQ-0067-KP)

Dear Ms. Smith:

You ask whether Tax Code section 33.06 authorizes ad valorem property tax deferral on mixed-use property and related questions.[1] You state that the Bastrop Central Appraisal District ("District") has received requests from taxpayers seeking to defer their tax liability on property that is used partially as a residence homestead and partially for other purposes that, you assert, would not qualify for a homestead exemption under section 11.13 of the Tax Code. Request Letter at 1.[2] You explain that the District appraises property by the parcel and assigns an account number to each lot. *Id.* You state that the District is often unable to determine which portion of the property is being used as a residence and cannot subdivide the lots without performing a new survey. *Id.* You ask first whether Tax Code subsection 33.06(a) authorizes an appraisal district to grant a tax deferral for property used partially as a residence homestead and partially for other purposes, such as commercial or agricultural purposes. *Id.* at 2. Second, you ask whether a tax deferral under the subsection applies to an entire parcel in a property account that is used for both residential homestead and nonresidential homestead purposes. *Id.* We address these questions together.

In construing statutes, courts attempt to ascertain and "give effect to the Legislature's intent" as expressed by the language of the statute. *Osterberg v. Peca*, 12 S.W.3d 31, 38 (Tex. 2000). Courts "construe the words of a statute according to their plain meaning . . . and in the context of the statute's surrounding provisions." *In re Office of the Att'y Gen. of Tex.*, 456 S.W.3d 153, 155 (Tex. 2015). Subsection 33.06(a) provides:

> (a) An individual is entitled to defer collection of a tax, abate a suit to collect a delinquent tax, or abate a sale to foreclose a tax lien if the individual:

---

[1]Ms. Lisa Smith, Bastrop Cty. Auditor, to Honorable Ken Paxton, Tex. Att'y Gen. at 2 (Nov. 4, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2]Specifically, you mention commercial property, agricultural-use property pursuant to article VIII, section 1-d of the Texas Constitution, and open-space property pursuant to article VIII, section 1-d-1. Request Letter at 1.

> (1) is 65 years of age or older or is disabled as defined by Section 11.13(m); and
>
> (2) the tax was imposed against property that the individual owns and occupies as a residence homestead.

TEX. TAX CODE § 33.06(a). The requirements for entitlement to tax deferral are in subsection (b), which states that "[t]o obtain a deferral, an individual must file with the chief appraiser for the appraisal district in which the property is located an affidavit stating the facts required to be established by Subsection (a)." *Id.* § 33.06(b); *see also id.* § 33.06(c), (c-1) (requirements for abatement of suit or sale). Section 11.13 of the Tax Code defines "residence homestead" as:

> a structure (including a mobile home) or a separately secured and occupied portion of a structure (together with the land, not to exceed 20 acres, and improvements used in the residential occupancy of the structure, if the structure and the land and improvements have identical ownership) that:
>
> (A) is owned by one or more individuals, either directly or through a beneficial interest in a qualifying trust;
>
> (B) is designed or adapted for human residence;
>
> (C) is used as a residence; and
>
> (D) is occupied as the individual's principal residence by an owner, by an owner's surviving spouse who has a life estate in the property, or, for property owned through a beneficial interest in a qualifying trust, by a trustor or beneficiary of the trust who qualifies for the exemption.

*Id.* § 11.13(j)(1). Once the owner files the affidavit required under section 33.06(b), "a taxing unit may not file suit to collect delinquent taxes on the property and the property may not be sold at a sale to foreclose the tax lien until the 181st day after the date the individual no longer owns and occupies the property as a residence homestead." *Id.* § 33.06(b).[3]

Section 33.06 does not address the extent of an appraisal district's discretion when it receives an affidavit for deferral. Subsection 33.06(a) has only two substantive requirements entitling an owner to deferral—the individual must qualify by age or disability and must own and occupy the taxed property as a residential homestead. *Id.* § 33.06(a); *see also* Tex. Att'y Gen. Op. No. GA-0787 (2010) at 2. The owner obtains entitlement to deferral by an affidavit attesting to the facts establishing these requirements. TEX. TAX CODE § 33.06(b). When the requirements of

---

[3]Similarly, the Tax Code provides for tax deferral or suit abatement for an appreciating residence homestead. TEX. TAX CODE § 33.065.

section 33.06 are met, an appraisal district must allow deferral. *Id.* Section 33.06 does not, however, require that the district take the affidavit at face value. The plain language of section 33.06 requires that the facts entitling an individual to deferral "be established," *i.e.*, that the owner and the property qualify in fact. *Id.* Section 33.06 impliedly authorizes a chief appraiser to evaluate an affidavit for deferral, analogous to the chief appraiser's authority to consider an application for a homestead exemption. Under section 11.45 of the Tax Code, a chief appraiser is authorized and has the duty to determine an applicant's right to a homestead exemption. *See id.* § 11.45 ("Action on Exemption Applications"). Thus, a court would likely conclude that section 33.06 impliedly authorizes a chief appraiser receiving an affidavit to investigate or request additional information and to allow or not allow a deferral as warranted by the law and facts.

Section 33.06 also does not address the right to deferral when the affidavit identifies mixed-use property. But courts have held that "[w]hen a tax-paying landowner is actually residing on a parcel of less than twenty acres of land, the chief appraiser may not refuse to accord residence homestead status to the entire parcel of land." *Parker Cty. Appraisal Dist. v. Francis*, 436 S.W.3d 845, 848 (Tex. App.—Fort Worth 2014, no pet.) (considering a residence homestead exemption); *accord Kubovy v. Cypress-Fairbanks Indep. Sch. Dist.*, 972 S.W.2d 130, 135 (Tex. App.— Houston [14th Dist.] 1998, no pet.) (abating post-judgment action when defendant filed a section 33.06 affidavit); *see also* Tex. Att'y Gen. Op. No. GA-0752 (2009) at 3 (stating that "so long as the chief appraiser determines that contiguous lots of less than twenty acres are being used as a residence homestead, the taxpayer would be entitled to an exemption"). Some statutorily-recognized uses of property may be fully compatible with occupancy as a residence homestead and would not defeat entitlement to deferral. *See Parker Cty. Appraisal Dist.*, 436 S.W.3d at 854 (determining on particular facts that property qualified for both homestead exemption and open-space property valuation). On the other hand, some uses of property may be incompatible with occupancy of the entire parcel as a residence homestead. *See Harris Cty. Appraisal Dist. v. Nunu*, No. 14-08-00528-CV, 2009 WL 2620732, at *6 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (mem. op.) (determining that a particular business use of property was incompatible with a use as a residence homestead for Tax Code valuation purposes to the extent of the business use). When an individual seeks deferral for an entire parcel that includes property not occupied as a residence homestead, an appraisal district would be authorized to disallow the deferral. Whether an individual occupies a parcel of land as a residence homestead, in whole or in part, will depend on particular facts. *See Zorrilla v. Aypco, Constr. II, LLC*, 469 S.W.3d 143, 160 (Tex. 2015) (stating that "[w]hether a property is a homestead is a question of fact"); Tex. Att'y Gen. Op. No. GA-0752 (2009) at 3 (determining that whether contiguous lots of less than twenty acres are being used as a residence homestead is a question of fact).

Your third question is whether an appraisal district may require an individual requesting tax deferral under subsection 33.06(a) to provide at the owner's expense a land survey to separate property used for residential homestead purposes from property used for other purposes. Request Letter at 2. An appraisal district may exercise only powers that are expressly delegated to it by the constitution or statutes and those necessarily implied from such express powers. Tex. Att'y Gen. Op. No. GA-0681 (2008) at 2. Section 33.06 states that an owner is entitled to deferral if the owner and the owner's occupancy of property meets certain requirements and the owner files an affidavit to that effect. TEX. TAX CODE § 33.06(a)–(b). An appraisal district "may not impose additional burdens, conditions, or restrictions in excess of or inconsistent with the statutory

provisions." *Riess v. Appraisal Dist. of Williamson Cty.*, 735 S.W.2d 633, 638 (Tex. App.—Austin 1987, writ denied). Thus, while article 33.06(a) implicitly authorizes an appraisal district to investigate and disallow a tax deferral where the facts and the law warrant, it does not authorize an appraisal district to impose additional requirements for an individual to request a tax deferral. Accordingly, a court would likely conclude that section 33.06 does not authorize an appraisal district to require a property owner to provide a survey at the owner's expense in order to claim entitlement to tax deferral under subsection 33.06(a) of the Tax Code.

## S U M M A R Y

A court would likely conclude that section 33.06 of the Tax Code impliedly authorizes a district to investigate facts recited in an affidavit for deferral, request additional information, and allow or deny a deferral as warranted by the law and facts. An appraisal district may grant deferral on mixed-use property provided that all uses are compatible with occupancy as a residence homestead. Whether an owner occupies an entire parcel as a residence homestead will depend on the particular facts.

Section 33.06 of the Tax Code does not authorize an appraisal district to require a property owner to provide a survey at the owner's expense in order to claim entitlement to tax deferral under subsection 33.06(a) of the Tax Code.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

WILLIAM A. HILL
Assistant Attorney General, Opinion Committee