**PANTHER CREEK VENTURES, LTD.,**
Eldorado Ranch, Ltd., and Eldorado
Park, Ltd., Appellants

v.

**COLLIN CENTRAL APPRAISAL
DISTRICT, Appellee.**

No. 05–06–01251–CV.

Court of Appeals of Texas,
Dallas.

Sept. 19, 2007.

Kenneth W. Sloan, Sloan & Associates, Andrew H. Roberts, Dallas, TX, for Appellant.

Lewis L. Isaacks, Jennifer Pettit, Gay, McCall, Isaacks, Gordon, May & Roberts, P.C., Plano, TX, for Appellee.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

This is an ad valorem tax case. In their appeal following a trial on stipulated facts, Panther Creek Ventures, Ltd., Eldorado Ranch, Ltd., and Eldorado Park, Ltd., contend the trial court erred in concluding the Collin Central Appraisal District properly applied rollback taxes to certain parcels of land they owned and were developing as residential subdivisions. In two issues, the landowners argue first, that the appraisal district failed to properly notify them of its determination that a "change of use" had occurred with respect to one parcel of land and second, that the district applied rollback taxes to portions of other parcels dedicated to public use in violation of the Texas Tax Code. We conclude the trial court correctly applied the law to the facts of the case. We affirm the trial court's judgment.

### I.

The underlying lawsuit was initiated in 2004. The next year, the parties, pursuant to Texas Rule of Civil Procedure 263, submitted an agreed statement of facts to the trial court upon which judgment was to be rendered. The trial court certified the agreed statement of facts and adopted it as its own findings of fact.

The undisputed facts as stipulated by the parties and found by the trial court show that, years ago, the landowners acquired multiple parcels of undeveloped real property in Collin County for the purpose of developing them into residential subdivisions. At the time the landowners acquired the properties, the land qualified as open-space agricultural land pursuant to section 23.52 of the Texas Tax Code and was taxed on that basis. After obtaining permit approvals, the landowners began developing the properties for residential use.

At all relevant times, the appraisal district was on an annual reappraisal program. During the time the residential subdivisions at issue were being developed, however, the district did not physically inspect some of the properties because of difficulty accessing them. For those properties, it relied upon development plats filed in the public records. After the appraisal district became aware there had been a change of use, it notified the landowners that it was changing the tax classification of the properties from agricultural to residential. The notices also informed the landowners they were being assessed rollback tax penalties as provided by section 23.55 of the Texas Tax Code.

The property in the change of use determination included land used for streets

and alleys that were constructed by the landowners incident to the development of the properties as residential subdivisions in accordance with, and as required by, the ordinances and regulations of the cities in which the subdivisions were being built. The landowners timely protested the change of use notices with the Collin County Appraisal Review Board. They asserted that the imposition of rollback taxes on the portions of the land developed as streets and alleys violated Texas law prohibiting the taxation of land dedicated to public use. In addition, the landowners argued the appraisal district failed to notify them of its determination of a change of use for one of the properties within the time period provided by statute. The appraisal review board denied each of the protests. The landowners then brought this action. The landowners' petition asserted claims against the appraisal district for violations of the Texas Tax Code. Based on the stipulated facts, the trial court signed its judgment on July 14, 2006 decreeing that the landowners take nothing by their claims.

## II.

■ The standard of review in a case tried on agreed stipulated facts is de novo. *See Alma Group L.L.C. v. Palmer*, 143 S.W.3d 840, 843 (Tex.App.-Corpus Christi 2004, pet. denied). The agreed stipulations are binding on the parties, the trial court, and the reviewing court. *Id.* Our review is consequently confined because there are no presumed findings in favor of the judgment. *See id.* at 844. We presume conclusively that the parties have brought before the court all facts necessary for the presentation and adjudication of the case. *Cummins & Walker Oil Co. v. Smith*, 814 S.W.2d 884, 886 (Tex.App.-San Antonio 1991, no writ). We do not review the legal or factual sufficiency of the evidence but simply review the trial court's order to determine if it correctly applied the law to the agreed stipulated facts. *See Palmer*, 143 S.W.3d at 843.

■ In their first issue on appeal, the landowners contend the appraisal district "failed to comply with the statutory deadline under Texas Tax Code § 25.18 for providing [them] notice of a change of use." This argument is made with respect to only one of the approximately thirty change of use notices sent to the landowners. For the property referred to as Eldorado Heights Phase X, the district's notice of the change of use determination is dated March 18, 2004. According to the notice, the date the change of use occurred was January 1, 2000. The landowners do not dispute the date of the change of use. The landowners argue that because the notice was not sent within three years of the date the change of use occurred, the notice is not in compliance with section 25.18 of the tax code.

Section 25.18 of the Texas Tax Code governs the reappraisal of property. The section states that each appraisal office must implement a plan providing for the reappraisal of all real and personal property in the district at least once every three years. TEX. TAX CODE ANN. § 25.18(b) (Vernon Supp.2006). The statute then lists the various reappraisal activities that must take place, including identifying the property characteristics that affect value. *Id.* But nothing in section 25.18 requires the district to make a "determination" that a change of use of land has occurred or sets a deadline by which notification of a change of use determination, when made, must be sent.

Change of use determinations are regulated by section 23.55 of the Texas Tax Code. Under section 23.55, the duty to determine that a change of use of land has occurred is placed on the chief appraiser.

*See id.* 23.55(e). Once the determination is made, the chief appraiser must deliver a notice of the determination to the owner of the land "as soon as possible." *Id.* The landowners make no argument that the notice was not sent out as soon as possible after the determination was made. Their argument rests entirely on the assertion that the determination must be made within three years of the date the change of use occurs because property must be reappraised at least every three years. To hold otherwise, the landowners contend, would render sections 25.18 and 23.55 meaningless. We conclude that neither section 25.18 nor 23.55 requires that a change of use determination be made within three years after the change of use occurs and grafting the reappraisal deadlines onto the change of use determination statute is not necessary to give either statute meaning.

The focus of section 25.18 is the valuation of property. The purpose of requiring the reappraisal of property every three years is to provide for an up-to-date and accurate appraisal of a property's value. In the case of open-space agricultural land, every appraisal must include both the market value and the agricultural value of the land. *See* TEX. TAX CODE ANN. § 23.52(e) (Vernon 2001). Once the land changes from agricultural to non-agricultural use, it is taxed based on the assessed market value instead of the agricultural value. *See Anderton v. Rockwall Cent. Appraisal Dist.*, 26 S.W.3d 539, 544 (Tex.App.-Dallas 2000, pet. denied). No new valuation of the property is made once a change of use is determined. *Id.* In effect, the market value and the agricultural value appraisals are normally current regardless of when the change of use determination occurs. Thus, the purpose and meaning of section 25.18 is in no way dependent upon a determination that a change of use has occurred.

Similarly, a change of use of land determination made under section 23.55 is in no way dependent upon the reappraisal performed under section 25.18. Although the chief appraiser may look at some of the same factors used in reappraisals to determine that a change of use of land has occurred, the determination need not be made during a reappraisal. And, as stated above, determining a change of use is not one of the appraisal activities listed in section 25.18. We see nothing in section 23.55 that suggests any intent on the part of the legislature to link change of use determinations to the reappraisal statute.

The landowners cite to this Court's unreported opinion in *Legacy Partners, Ltd. v. Central Appraisal District of Collin County* to support their argument that the three year reappraisal deadline applies to change of use notifications. *See Legacy Partners, Ltd. v. Cent. Appraisal Dist. of Collin County,* No. 05–91–01701–CV, 1992 WL 172390 (Tex.App.-Dallas July 21, 1992, writ denied) (not designated for publication). The landowners in *Legacy Partners* argued the determination of a change of use of their property should have been made at the time the actual change of use occurred. *Id.* at *3. The argument was based, in part, on the contention that the chief appraiser was required to inspect and appraise all properties annually and, if the chief appraiser had performed an annual inspection as required, he would have discovered the change of use during the tax year in which the change of use occurred. *Id.* Because the change of use determination was not made until more than two years after the change of use occurred, the landowners argued the chief appraiser must not have fulfilled his duty to reappraise the property annually. *Id.*

In concluding the argument was without merit, we noted that the chief appraiser

was statutorily required to reappraise property only once every three years. *Id.* Because the change of use determination was made within three years of the date of the change of use, the determination did not indicate any non-compliance with the statutory deadlines for reappraising property. *Id.* Nothing in *Legacy Partners* should be read to equate reappraisals with change of use determinations or to apply the reappraisal deadlines to change of use determinations. *Legacy Partners* held merely that a change of use determination made within the statutory time frame for reappraising property does not show that a reappraisal deadline has not been met.

Even if we were to read *Legacy Partners* as holding that a change of use determination must be made within three years of the date the change of use occurs, nothing in the facts submitted by the parties in this case shows that this was not done. The facts submitted stipulate only when the change of use occurred and the date of the change of use notification. Unlike *Legacy Partners,* there are no facts submitted in this case to show when the change of use determination was made.[1] Because we have no facts showing that the change of use determination was not made within three years of the date the change of use occurred, even under the landowners' interpretation of *Legacy Partners,* there is no showing the trial court erred in its application of the law to the stipulated facts. We resolve the landowners' first issue against them.

 In their second issue on appeal, the landowners contend that, with respect to some of the properties, the chief appraiser improperly determined a change of use

and assessed rollback tax penalties on land that was used for street and alley improvements, thus violating the law prohibiting the taxation of land dedicated to public use. The appraisal district responds that, because the land used for the streets and alleys was not dedicated to public use until after the date of the change of use, the landowners are liable for rollback tax penalties on that land.

 Dedication is the setting apart of land by the owner for some public use together with the actual or implied acceptance of the land for that use by or on behalf of the public. *See Ford v. Moren,* 592 S.W.2d 385, 390 (Tex.App.-Texarkana 1979, writ ref'd n.r.e.). The elements of dedication are: (1) intention to dedicate; (2) manifestation and communication of intention to dedicate; and (3) acceptance of the dedication. *Id.* Land that is dedicated to the state or a political subdivision of the state to be used for public purposes is exempt from taxation. *See* Tex. Tax Code Ann. § 11.11 (Vernon Supp.2006). Furthermore, rollback tax penalties will not be imposed on a landowner if a change of use of the land occurs as a result of a transfer of the property to the state or a political subdivision to be used for a public purpose. *Id.* § 23.55(f)(3). If, however, the chief appraiser determines that a change of use of the land occurred before the land was dedicated to public use, the landowner is liable for all taxes owed until the date of the dedication, including rollback tax penalties. *See Legacy Partners,* 1992 WL 172390 at *2.

The landowners contend the numerous rules and regulations dictating the development of the subdivisions on the proper-

---

1. Although the change of use notification was sent more than four years after the change of use occurred, there is no fact submitted that shows the determination was not made within three years after the change of use occurred.

We note again that the landowners have not asserted the appraisal district did not send the notice "as soon as possible" after the determination was made.

ties at issue show that the land set aside for streets and alleys was dedicated to public use at the time the change of use occurred. The landowners point to specific regulations requiring them to identify proposed streets and alleys on plats submitted for approval as well as the requirement that they submit a signed certificate of dedication to obtain approval of the final plat. Because the landowners did not begin construction until after the final plat was approved, they argue the change of use could not have occurred until after the land was dedicated and, therefore, the land could not be subject to the rollback tax penalties.

■ Although the rules and regulations relied upon by the landowners dictate that developers manifest and communicate a clear intent to dedicate the land to be used for streets and alleys and other public places before they can obtain approval to begin development, this communication of intent is only part of the dedication process. There must also be acceptance of the dedication. *See Ford*, 592 S.W.2d at 390. The recording or approval of a plat does not, by itself, constitute acceptance of the dedicated land. *Cf. id.* As noted by the landowners, even after the final plat is approved, they can submit an amended plat for approval changing the dedicated areas. In this case, based on the stipulated facts presented, acceptance of the dedicated land did not occur until the city issued its final acceptance certificates stating that the public improvements and dedications were accepted. Where the final acceptance certificates were signed after the date of the change of use, the property was not finally dedicated at the time the change of use occurred. Accordingly, rollback tax penalties were properly assessed against the landowners for the land at issue because they owned the land at the time the change of use occurred. We re-

solve the landowners' second issue against them.

We affirm the trial court's judgment.