October 13, 2009

The Honorable Anna Laura Cavazos Ramirez
Webb County Attorney
1110 Washington Street, Suite 301
Laredo, Texas 78040

Opinion No. GA-0740

Re: Authority to limit the frequency of property appraisals by an appraisal district to once every three years (RQ-0792-GA)

Dear Ms. Ramirez:

You ask several questions arising out of a petition to initiate an election concerning a proposed limitation on the frequency of tax appraisals by the Webb County Appraisal District ("WCAD") to once every three years instead of annually.[1]

You first ask whether a proposal to limit the frequency of district appraisals may be submitted to the voters of either the appraisal district or of the participating taxing units based on an initiative or referendum petition. Request Letter at 2, 4. Chapter 6 of the Tax Code establishes an appraisal district in each county and provides that "[t]he district is responsible" for appraising property in the district for each taxing unit. TEX. TAX. CODE ANN. § 6.01(a), (b) (Vernon 2008). An appraisal distinct is a political subdivision, distinct from the participating taxing units and is governed by its own board of directors. Id. §§ 6.01(c), .03(a). Chapter 6 vests the authority and responsibility to develop and approve "a written plan for the periodic reappraisal of all property within the boundaries of the district" solely in the appraisal district board of directors. Id. § 6.05(i).

The right to call an election exists only if expressly authorized by statute or the constitution. Countz v. Mitchell, 38 S.W.2d 770, 774 (Tex. 1931); Smith v. Morton Indep. Sch. Dist., 85 S.W.2d 853, 857 (Tex. Civ. App.—Amarillo 1935, writ dism'd). Chapter 6 of the Tax Code does not authorize a voter-initiated election for any purpose other than for the narrow purpose of consolidating certain functions. TEX. TAX CODE ANN. § 6.26 (Vernon 2008). Moreover, neither the constitution nor any statute authorizes an election initiated by petition to require a particular appraisal schedule. Thus, under chapter 6, the plan for periodic appraisal is a matter to be determined by the appraisal district board of directors, and neither the appraisal district nor its

---

[1]See Request Letter at 1-2 (available at http://www.texasattorneygeneral.gov).

participating taxing units are required or authorized to call an election initiated by a petition to require a particular appraisal schedule.[2]

Next, you ask whether Tax Code sections 23.01, 23.23, and 25.18 allow a district to reappraise property every third year rather than annually. Request Letter at 2, 4–8. We find no provision in the Tax Code that expressly prohibits appraisals from being conducted less frequently than annually. Tax Code section 23.01 establishes "January 1" as a general uniform date for a district appraising the market value of property to do so, but it does not mandate annual appraisals, nor prohibit less frequent appraisal. TEX. TAX CODE ANN. § 23.01(a) (Vernon 2008). Section 23.23's cap on annual increases in the appraised value of a residential homestead based on the last appraisal does not require annual appraisals. *Id.* § 23.23(a). Moreover, Tax Code section 25.18 establishes the minimum required frequency of appraisals, requiring reappraisals "at least once every three years," and thus is consistent with appraisals conducted less frequently than annually. *Id.* § 25.18(b); *see also Panther Creek Ventures, Ltd. v. Collin Cent. Appraisal Dist.*, 234 S.W.3d 809, 812–13 (Tex. App.—Dallas 2007, pet. denied) (noting that reappraisal is statutorily required "only once every three years").[3] Accordingly, we conclude that Tax Code sections 23.01, 23.23, and 25.18 do not prohibit an appraisal district from conducting appraisals less frequently than annually.[4]

Finally, you ask how a district's practice of conducting an appraisal every third year might affect the annual study of the Texas Comptroller of Public Accounts (the "Comptroller") concerning school district property values. Request Letter at 9–10. Your question raises numerous issues of fact and law that cannot be resolved in an attorney general opinion. *See* Tex. Att'y Gen. Op. No. GA-0648 (2008) at 7 (mixed question of fact and law cannot be investigated and resolved in an attorney general opinion). Moreover, your question is further complicated by the recent enactment of House Bill 8, which significantly amends the provisions concerning the Comptroller's study. *See* Act of May 21, 2009, 81st Leg., R.S., ch. 288, §§ 2, 7, 2009 Tex. Sess. Law Serv. 791, 791–04 (Vernon) ["House Bill 8"]. House Bill 8 now requires the Comptroller to conduct a taxable property value study in a district at least once every two years, although for some districts the study may still be conducted annually. *See* House Bill 8, § 2 (to be codified as an amendment to TEX. GOV'T CODE ANN. § 403.302(a-1)). Also, the Comptroller must conduct a review in each appraisal district at least every two years "to determine compliance with generally accepted standards, procedures, and methodology." *Id.* § 7 (to be codified as an amendment to TEX. TAX CODE ANN. § 5.102(a)). House Bill 8 establishes the "Comptroller's Property Value Study Committee" and requires the Comptroller

---

[2]*Cf. City of Hitchcock v. Longmire*, 572 S.W.2d 122, 126–27 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.) (stating that "[t]here can be no right or power existing in the people of a [home rule] city to adopt an ordinance through the initiative process if the power to adopt it is not lodged in the city council in the first instance"). We do not address the general initiative or referendum authority, if any, of the various taxing units.

[3]*See also* Tex. Att'y Gen. Op. Nos. GA-0317 (2005) at 4 (observing that, under Tax Code section 25.18's requirement of a plan to appraise property at least once every three years, districts may use different appraisal cycles); *accord* GA-0283 (2004) at 2–3.

[4]We caution that we opine only about the legal issues presented, not about the advisability of adopting any particular appraisal cycle.

to adopt rules in consultation with the committee to govern the conduct of the property value study and to conduct and score the appraisal district review. *Id.* § 2 (to be codified as an amendment to TEX. GOV'T CODE ANN. § 403.302(o)); § 7 (to be codified as an amendment to TEX. TAX CODE ANN. § 5.102(a)). In light of the changes yet to be fully implemented under House Bill 8, as well as the myriad fact questions inherent in your question, any assessment of the possible impact of a particular appraisal schedule would necessarily rest on pure speculation. Accordingly, we do not answer your final question. *See* Tex. Att'y Gen. Op. No. GA-0620 (2008) at 4 (declining to "speculate about a worst–case scenario" due to "the various permutations involved" in the question).

### S U M M A R Y

An appraisal district and its participating taxing units are not authorized to submit an issue to the voters for an election to require a particular appraisal schedule, whether initiated by petition or otherwise.  Sections 23.01, 23.23, and 25.18 of the Tax Code do not prohibit conducting appraisals every third year rather than annually.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee