**AFFIRM; and Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00366-CV

### VILLAGES OF SANGER, LTD. AND MEHRDAD MOAYEDI, Appellants
### V.
### INTERSTATE 35/CHISAM ROAD, L.P. AND MALACHI DEVELOPMENT CORPORATION, Appellees

### On Appeal from the 14th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-16-01029

## MEMORANDUM OPINION
Before Justices Bridges, Fillmore, and Stoddart
Opinion by Justice Fillmore

Villages of Sanger, Ltd. (Villages) sued Interstate 35/Chisam Road, L.P. and Malachi Development Corporation (collectively, I35) seeking turnover of a guaranty judgment rendered in favor of I35 and against Mehrdad Moayedi (Moayedi) in a related lawsuit, after I35 foreclosed on real property securing the repayment of a promissory note. The trial court signed a final judgment ordering that Villages take nothing on its claims against I35. Villages and Moayedi appeal, arguing the final judgment is not supported by legally and factually sufficient evidence and must be reversed because one of the trial court's findings of fact is inconsistent with stipulated facts, and twelve of the trial court's conclusions of law[1] are erroneous. For the reasons that follow, we

---

[1] While the trial court designated its conclusions of law as "Findings of Law," we use the term "conclusions of law" in this opinion.

conclude appellants' challenges to the trial court's finding of fact and conclusions of law are without merit. Accordingly, we affirm the trial court's final judgment.

## Background

Villages, as Borrower, executed a $696,000 promissory note payable over a three year period to I35, as Lender (Promissory Note). The Promissory Note was secured by a Deed of Trust on real property located in Denton County (Property).[2] Moayedi, president of Villages' general partner, personally guaranteed the loan up to $196,000, plus accrued interest and collection costs (Guaranty).[3] Villages defaulted on the loan and I35 foreclosed on the Property. I35 purchased the Property for $487,200 at a nonjudicial foreclosure sale at which it was the sole bidder. I35 sued Moayedi under the Guaranty to recover the deficiency on the Promissory Note (Guaranty Lawsuit). In response, Moayedi pleaded Texas Property Code section 51.003 entitled him to offset the deficiency by the difference between the Property's fair market value and the foreclosure sale price paid by I35. I35 replied Moayedi waived offset rights under the terms of the Guaranty. In I35's appeal from the trial court's judgment that it take nothing from Moayedi, we concluded Moayedi waived his right to a section 51.003 offset; rendered judgment against Moayedi and in favor of I35 in the amount of $196,000 plus interest and costs; and remanded the case to the trial court "for a determination of interest and costs as provided in the guaranty agreement." *Interstate 35/Chisam Rd., L.P. v. Moayedi*, 377 S.W.3d 791, 801–02 (Tex. App.—Dallas 2012), *aff'd Moayedi v. Interstate 35/Chisam Rd., L.P.*, 438 S.W.3d 1 (Tex. 2014). On appeal, the Texas Supreme Court affirmed, agreeing with this Court that the Guaranty "indicate[d] an intent that the guaranty would

---

[2] The Deed of Trust, signed by Villages, imposed obligations on Villages, as Grantor and Borrower, granted rights to I35, as Lender, conveyed the Property to M. Troy Murrell, as Trustee, and described the Trustee's rights and duties, if directed by the Lender to foreclose the lien on the Property.

[3] The Guaranty was signed by Moayedi, personally as Guarantor, for the benefit of I35, as Lender.

not be subject to any defense other than full payment," *Moayedi*, 438 S.W.3d at 8, and "waive[d] the application of section 51.003." *Id.* at 7.

The trial court issued its final Judgment on Remand in the Guaranty Lawsuit, awarding damages to I35 and against Moayedi in the amount of $196,000, plus pre-judgment interest, post-judgment interest, attorneys' fees, and collection costs (Guaranty Judgment). Moayedi filed a third-party petition against Villages in the Guaranty Lawsuit, asserting claims for indemnity and subrogation. Villages filed a petition in intervention in the Guaranty Lawsuit, asserting claims against I35 for breach of contract, money had and received, and unjust enrichment; and requested the trial court to issue an order requiring I35 to turnover the Guaranty Judgment to Villages. I35 moved to strike Villages' petition in intervention, or alternatively to sever Villages' claims against I35. The trial court granted I35's motion to sever, and severed Villages' petition in intervention, as well as Moayedi's third-party petition against Villages, from the Guaranty Lawsuit.

Following a bench trial in the severed lawsuit,[4] the trial court issued findings of fact and conclusions of law, rendered final judgment ordering that Villages take nothing on its claims against I35, and awarded damages to Moayedi and against Villages on Moayedi's indemnification and subrogation claims.

On appeal, appellants' arguments are premised on their contention that the debt under the Promissory Note was satisfied by the fair market value of the Property at the time of the foreclosure sale, and the actual price I35 paid for the Property is irrelevant. On that theory, appellants challenge the trial court's Finding of Fact No. 30 and Conclusions of Law Nos. 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, 14, and 15. Appellants argue Finding of Fact No. 30 is inconsistent with stipulated facts and exhibits; the complained-of conclusions of law are not founded in fact or law; and, therefore, the final judgment is unsupported by legally and factually sufficient evidence.

---

[4] The parties submitted the case to the trial court on stipulated facts and exhibits.

**Standard of Review**

We do not review the legal or factual sufficiency of stipulations of fact, which are binding on the reviewing court. Rather, we review de novo whether the trial court correctly applied the law to the stipulated facts. *Wells Fargo Bank N.W., N.A. v. RPK Capital XVI, L.L.C.*, 360 S.W.3d 691, 698 (Tex. App.—Dallas 2012, no pet.); *Panther Creek Ventures, Ltd. v. Collin Cent. Appraisal Dist.*, 234 S.W.3d 809, 811 (Tex. App.—Dallas 2007, pet. denied). As appellants note in their brief, Finding of Fact No. 30 is in the nature of a conclusion of law. Accordingly, we review Finding of Fact No. 30, as well as the complained-of conclusions of law, de novo, and we will uphold the trial court's judgment if it can be sustained on any legal theory supported by the evidence. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002); *see also Inwood Nat'l Bank v. Wells Fargo Bank, N.A.*, 463 S.W.3d 228, 234–35 (Tex. App.—Dallas 2015, no pet.).

**Breach of Contract[5]**

In their first issue, appellants argue the Deed of Trust required I35 to "remit [to Villages] any excess funds received by I35/Chisam that relate to the foreclosure and sale of the [collateral] Property." Characterizing the Guaranty Judgment as "excess funds," appellants contend I35 breached the Deed of Trust by not turning over the award to Villages. To this end, appellants challenge as erroneous Finding of Fact No. 30, which reads:

> (30) The deficiency judgment rendered in the [Guaranty] Lawsuit does not constitute proceeds of the foreclosure sale under the terms of the Deed of Trust in that the judgment is not proceeds from the foreclosure sale.

As previously noted, Finding of Fact No. 30 is in the nature of a conclusion of law. Accordingly, this Court will review the conclusion de novo. *See BMC Software Belg., N.V.*, 83 S.W.3d at 794.

---

[5] Appellants challenge the trial court's Finding of Fact No. 30 and Conclusions of Law Nos. 2, 3, 5, and 15 with respect to Villages' breach of contract claim.

Appellants do not suggest Villages was party to or holds rights under Moayedi's Guaranty. Nor do appellants directly challenge the validity of the Guaranty Judgment. Rather, Villages lays claim to the Guaranty Judgment on the grounds the fair market value of the Property at the time of I35's purchase exceeded Villages' debt obligation under the Promissory Note. On this basis, appellants contend the Guaranty Judgment is a "false deficiency" and constitutes "excess funds" to which I35 is not entitled.

The Texas Supreme Court rejected this argument in the related *Moayedi* appeal, where it stated,

> Deficiency judgments based on *foreclosure proceeds* have been statutorily provided for since 1846. . . .
>
> In 1965 the Court again addressed, albeit indirectly, whether a deficiency judgment is based on the *foreclosure proceeds*. . . . The Court relied on the rule that a deficiency judgment is based on "the amount of the note, interest and attorney's fees, *less the amount received at the trustee sale* and other legitimate credits."
>
> Moreover, this Court's understanding is not unique; indeed, one of the very definitions of "deficiency" is *the amount remaining on a debt after applying the proceeds realized at a foreclosure sale*. In keeping with this understanding, the Court has concluded that mere inadequacy of consideration does not invalidate a foreclosure sale and open the door to a fair market value determination. Nor does a creditor need to "liquidate its security promptly . . . to minimize the guarantor's liability for any deficiency."

*Moayedi*, 438 S.W.3d at 4 (internal citations omitted) (emphasis added). The Supreme Court continued,

> Under the new law [section 51.003 of the Texas Property Code], a deficiency judgment is *still* the amount by which the debt and foreclosure costs exceed the *foreclosure sale price*. . . .
>
>     . . . .
>
> We disagree with Moayedi that the statute creates a system of two different methods of calculating a deficiency. *Rather, the language of the statute presupposes the traditional definition of deficiency, one based on the foreclosure proceeds.* But the statute provides an offset that otherwise would not be available. In other words, it provides a defense.

*Id*. at 5–6 (emphasis added).

Accordingly, the deficiency on the Promissory Note equals the amount of the Promissory Note, interest, and attorneys' fees "less the amount received at the trustee sale." *Id*. at 4. The fair market value of the Property is immaterial unless I35 sues Villages for a deficiency under the Promissory Note, which it has not. Therefore, Villages may not assert section 51.003's offset defense in an attempt to appropriate the Guaranty Judgment. We reject appellants' challenge to the trial court's Finding of Fact No. 30.

Appellants challenge the trial court's Conclusions of Law Nos. 2, 3, and 5, which state,

(2) The Deed of Trust constituted a valid contract. Section C(3)(d) of the Deed of Trust imposed certain obligations upon the substitute trustee, M. Troy Murrell to distribute proceeds derived from the foreclosure sale in a particular manner. There is no evidence that Mr. Murrell did not properly distribute such proceeds.

(3) The Deed of Trust does not contain any obligation for Plaintiffs to distribute proceeds derived from the foreclosure sale. Nor does the Deed of Trust prevent Plaintiffs from purchasing the real property at foreclosure for the highest bid; nor from seeking a deficiency judgment subsequent to the foreclosure.

(5) Furthermore, any contractual obligation to distribute proceeds was an obligation imposed upon the substitute trustee, M. Troy Murrell, and not Plaintiffs.

Notably, appellants do not challenge the trial court's Conclusion of Law No. 4 stating that "The deficiency judgment obtained in the [Guaranty] Lawsuit by Plaintiffs against Mehrdad Moayedi are not proceeds derived from the foreclosure sale. As a consequence, the failure to turnover such judgment to Villages cannot constitute a breach of contract."[6]

A deed of trust is subject to the same rules of interpretation that apply to contracts. *Adams v. First Nat'l Bank of Bells/Savoy*, 154 S.W.3d 859, 867 (Tex. App.—Dallas 2005, no pet.). In construing a contract, we ascertain the true intentions of the parties as expressed in the writing itself. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex.

---

[6] Nor could appellants successfully challenge Conclusion of Law No. 4, since it is consistent with the Texas Supreme Court's ruling in *Moayedi*. *See Moayedi*, 438 S.W.3d at 5.

1995). We examine and consider the entire writing in an effort to harmonize and give effect to all provisions, so none will be rendered meaningless. *Italian Cowboy Partners*, 341 S.W.3d at 333; *Seagull Energy E&P, Inc. v. Eland Energy, Inc.*, 207 S.W.3d 342, 345 (Tex. 2006). We begin this analysis with the express language of the contract. *Italian Cowboy Partners*, 341 S.W.3d at 333. No single provision is controlling; rather, all provisions are considered with reference to the whole instrument. *Seagull Energy*, 207 S.W.3d at 345. Contract terms are given their plain, ordinary, and generally accepted meaning, unless doing so would defeat the parties' intent. *Adams*, 154 S.W.3d at 867–68. If the wording of the written instrument is such that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous and we will construe the contract as a matter of law. *Italian Cowboy Partners*, 341 S.W.3d at 333 (quoting *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983)).

The elements of a breach of contract claim are: (1) the existence of a valid contract between the plaintiff and defendant; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Barnett v. Coppell N. Tex. Court, Ltd.*, 123 S.W.3d 804, 815 (Tex. App.—Dallas 2003, pet. denied). The Promissory Note requires I35 to satisfy Villages' debt by enforcement of its rights under the Deed of Trust providing, "Lender may satisfy the debt evidenced by this note only by the enforcement of Lender's rights in the Property pursuant to the Deed of Trust . . . ." The Deed of Trust permits I35, as Lender, to "purchase the Property at any foreclosure sale by offering the highest bid and *then have the bid credited on the Obligation*" (emphasis added).

In the section pertaining to "Trustee's Rights and Duties," the Deed of Trust establishes the manner in which the proceeds of the foreclosure sale are paid:

If directed by Lender to foreclose this lien, Trustee will– . . . .

3. *from the proceeds of the sale*, pay, in this order–

a. expenses of foreclosure, including a reasonable commission to Trustee;

b. to Lender, *the full amount of principal, interest, attorney's fees, and other charges due and unpaid*;

c. any amounts required by law to be paid before payment to Grantors; and

d. to Grantors, *any balance*; . . . .

(emphasis added). The Deed of Trust, thus, specifically anticipates that I35 may offer the highest bid and purchase the Property at a foreclosure sale, in the event of a default by Villages. In such case, Villages is contractually entitled to have its debt obligation credited only by the amount of "the bid." The Deed of Trust does not permit I35 to make any payments from the proceeds of the foreclosure sale; that duty explicitly lies within the Trustee's exclusive province. Moreover, Villages is only entitled to "any balance" remaining "from the proceeds of the sale" after I35 is paid "the full amount of principal, interest, attorney's fees, and other charges due and unpaid" from the foreclosure proceeds.

I35 purchased the Property at the foreclosure sale for $487,000 by offering the "highest bid." After crediting that bid "on the Obligation," Villages still owed I35 approximately $267,000 on its $696,000 loan under the Promissory Note. There was no "balance" remaining from the "proceeds of the sale," because the bid amount was less than Villages' debt obligation. Consistent with the Supreme Court's decision in *Moayedi*, the trial court's Conclusion of Law No. 4, which is not challenged by appellants, provides the judgment in the Guaranty Lawsuit does not constitute "proceeds of the [foreclosure] sale," and "cannot constitute a breach of contract" by I35. Rather, it was the result of a different lawsuit brought by I35 against a third party – Moayedi – stemming from a separate contract to which Villages was not party. The trial court's Conclusions of Law Nos. 2, 3, and 5 are not erroneous. We need not address appellants' challenge to Conclusion of Law No. 15 since the trial court's judgment can be sustained on other grounds. *See* TEX. R. APP.

P. 47.1; *see also BMC Software*, 83 S.W.3d at 794; *Inwood Nat'l Bank*, 463 S.W.3d at 235. We resolve appellants' first issue against them.

**Money Had and Received**
**and**
**Unjust Enrichment[7]**

In their second through fourth issues, appellants challenge the trial court's determination Villages cannot recover the Guaranty Judgment from I35 under money had and received and unjust enrichment theories. Generally, "when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory . . . ." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). Parties should be bound by their express agreements, and "[w]hen a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement." *Id.* Unjust enrichment claims are based on a quasi-contract theory. *Id.* at 683. "Accordingly, when a party claims that it is owed more than the payments called for under a contract, there can be no recovery for unjust enrichment 'if the same subject is covered by [the] express contract.'" *Id.* at 684 (quoting *TransAmerican Natural Gas Corp. v. Finkelstein*, 933 S.W.2d 591, 600 (Tex. App.—San Antonio 1996, writ denied)).

Likewise, "a cause of action for money had and received is equitable in nature." *Edwards v. Mid-Continent Office Distributors, L.P.*, 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). "The claim 'belongs conceptually to the doctrine of unjust enrichment.'" *Id.* (quoting *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ)). "The quasi-contractual action for money had and received is a cause of action for a debt not evidenced

---

[7] Appellants challenge the trial court's Finding of Fact No. 30 and Conclusions of Law Nos. 10, 11, 12, 13, and 14 with respect to Villages' money had and received claim, and Finding of Fact No. 30 and Conclusions of Law Nos. 7, 8, and 9 with respect to Villages' unjust enrichment claim.

by a written contract between the parties." *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 815 (Tex. App.—Dallas 2012, no pet.).

The trial court's Conclusion of Law No. 14 states,

(14) The quasi contractual claims of unjust enrichment and money had and received asserted by Villages against Plaintiffs are barred because the Deed of Trust specifically covers the subject matter thereof. *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 371, 384 (Tex. 2000).

In this case, the Deed of Trust addresses how a winning bid for the Property at a foreclosure sale will be credited to Villages' debt. The Deed of Trust expressly states the Trustee must distribute proceeds from a foreclosure sale, and Villages is only entitled to foreclosure proceeds remaining after other obligations are paid, including the full amount of the balance owing on the Promissory Note, interest, and attorney's fees. The Deed of Trust forecloses any claims by Villages against I35 for unjust enrichment or money had and received. The trial court's Conclusion of Law No. 14 is not erroneous.[8] We need not address appellants' other challenges to the trial court's conclusions of law and Finding of Fact No. 30, since the trial court's judgment can be sustained on the grounds stated herein. See TEX. R. APP. P. 47.1; *see also BMC Software*, 83 S.W.3d at 794; *Inwood Nat'l Bank*, 463 S.W.3d at 235. Accordingly, we resolve appellants' second through fourth issues against them. We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

160366F.P05

---

[8] Although appellants do not explicitly challenge the trial court's Conclusion of Law No. 14 with regard to Villages' unjust enrichment claim, Conclusion of Law No. 14 expressly addresses the claim for unjust enrichment, and correctly concludes Villages' "unjust enrichment and money had and received" claims are barred.



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

VILLAGES OF SANGER, LTD. AND
MEHRDAD MOAYEDI, Appellants

No. 05-16-00366-CV          V.

INTERSTATE 35/CHISAM ROAD, L.P.
AND MALACHI DEVELOPMENT
CORPORATION, Appellees

On Appeal from the 14th Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. DC-16-01029.
Opinion delivered by Justice Fillmore,
Justices Bridges and Stoddart participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Interstate 35/Chisam Road, L.P. and Malachi
Development Corporation recover their costs of this appeal from appellants Villages of Sanger,
Ltd. and Mehrdad Moayedi.

Judgment entered this 5th day of February, 2018.