# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-20-00618-CV

**Poole Point Subdivision Homeowners' Association and
Poole Point Architectural Control Committee, Appellants**

**v.**

**Sean DeGon and Erie DeGon, Appellees**

### FROM COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-19-009597, THE HONORABLE TODD T. WONG, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Poole Point Subdivision Homeowners' Association and Poole Point Architectural Control Committee (collectively, "Poole Point") appeal from the trial court's judgment declaring that an amendment to the Poole Point Subdivision's deed restrictions imposing a minimum duration on leases of residences in the subdivision was unenforceable against Sean DeGon and Erie DeGon. For the reasons set forth below, we will reverse the trial court's judgment and remand the case to the trial court.

## BACKGROUND

Our recitation of the pertinent facts in this case is taken from an agreed statement of facts signed by the parties. *See* Tex. R. Civ. P. 263 (providing for submission of agreed statement of facts). In December 2013, Sean and Erie DeGon, who reside in Houston, bought a residence on a lot in the Poole Point Subdivision ("the Property"). The Property is subject to

the "Declaration of Covenants, Conditions and Restrictions" ("the Restrictions") dated April 1, 1987, and filed in the Real Property Records of Travis County, Texas. The Restrictions provide, in part:

> **NOW THEREFORE**, Declarant, the sole Owner in fee simple of POOLE POINT hereby declares that all lots in POOLE POINT shall be held, transferred, sold and conveyed subject to the following covenants, restrictions, reservations and charges, hereby specifying and agreeing that this Declaration and its provisions shall be and are covenants to run with the land and shall be binding on Declarant, its successors and assigns, all subsequent Owners of each lot, and the Owners by acceptance of their deeds do for themselves, their heirs, executors, administrators, successors and assigns, covenant and agree to abide by the terms and conditions of this Declaration.
>
> . . . .

### RESTRICTIONS

1. All property (except for Lot 164) shall be used, devoted, improved and occupied exclusively to Single Family Residential Use. Only one single family dwelling unit may be erected on a lot.

2. No business and/or commercial activity to which the general public is invited shall be conducted within POOLE POINT; except that this shall not be read to prevent the leasing of a single family dwelling unit by the Owner thereof, subject to all the provisions of this Declaration.

. . . .

### LAND USE AND STRUCTURES

1. All lots in POOLE POINT shall be used and occupied for residential purposes only; except that Lot 164 is hereby reserved, set aside and dedicated as an easement for access to Lake Travis.

### GENERAL PROVISIONS

7. Deeds of conveyance to any lot may contain the provisions, restrictions covenants and conditions herein by reference to this Declaration; however, whether reference is made in any or all of said deeds, by acceptance of a deed to a lot in POOLE POINT each Owner for himself, his heirs, personal representatives, successors and assigns, binds himself and such heirs, personal representatives

successors and assigns to all the terms of and provisions of this Declaration and any amendments thereto.

The DeGons stated that they reviewed and relied on the Restrictions before purchasing the Property.

In 2017, the DeGons began leasing the Property for durations of fewer than 30 days. In 2019, pursuant to the Restrictions' amendment provision, owners of more than 67% of the lots in the Poole Point Subdivision executed and recorded an amendment to the Restrictions ("the Amendment"). The Amendment provides:

> The Deed Restrictions are hereby amended to include the following:
>
> No lot or property (including without limitation, any residence, room or rooms in a residence, any dwelling house, guest quarters, servants quarters, garage, or any other structure located on any lot) in the Subdivision, may be rented for a period of less than 180 consecutive days, and the lessee or lessees under any such rental must use the property as the lessee's residence, and must intend to occupy the property as their place of abode for the duration of the 180 consecutive days.

The DeGons did not sign the Amendment but they do not contest the validity of the votes or the procedure by which the Amendment was executed and recorded. After the Amendment became effective, the DeGons continued to lease the Property for periods of 30 days and stated that they intend to continue this practice despite the Amendment. Poole Point then sent a cease-and-desist letter to the DeGons demanding that they comply with the Restrictions and the Amendment. The DeGons responded by suing Poole Point seeking a declaratory judgment that the Amendment could not be enforced against them. Poole Point filed a counterclaim asserting that the DeGons were in breach of the Restrictions and the Amendment by leasing the Property to third parties for prohibited durations and occupancies and requesting that the court enter a cease-and-desist order and grant declaratory relief.

3

The DeGons and Poole Point agreed to a bench trial pursuant to rule 263 of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 263 (providing for submitting controversy to court on agreed statement of facts). After considering the filed stipulations and joint exhibits, the trial court rendered judgment in favor of the DeGons and awarded them attorneys' fees. The trial court's order recites that:

> the DeGons are entitled to declaratory relief that the 2019 Amendment to the [Restrictions] at issue, which places a mandatory minimum duration on leasing, is not enforceable against [the DeGons] owing to its deprivation of their settled property rights under the [Restrictions], under which they purchased [the] property. The 2019 Amendment represents a new and different restriction which defies the reasonable and settled expectations of the DeGons, who relied on the 1987 Declaration's grant of the right to lease the main dwelling without duration restriction and physical occupancy requirements.

After the trial court denied Poole Point's motion for new trial, Poole Point perfected this appeal.

## STANDARD OF REVIEW

Rule 263 of the Texas Rules of Civil Procedure provides:

> Parties may submit matters in controversy to the court upon an agreed statement of facts filed with the clerk, upon which judgment shall be rendered as in other cases; and such agreed statement signed and certified by the court to be correct and the judgment rendered thereon shall constitute the record of the cause.

*Id.* In an appeal involving an agreed statement of facts pursuant to Rule 263, the only issue on appeal is whether the trial court properly applied the law to the agreed facts. *See id.*; *Abbott v. Blue Cross & Blue Shield of Tex., Inc.*, 113 S.W.3d 753, 757 (Tex. App.—Austin 2003, pet. denied). We review this issue de novo. *Panther Creek Ventures, Ltd. v. Collin Cent. Appraisal Dist.*, 234 S.W.3d 809, 811 (Tex. App.—Dallas 2007, pet. denied). Our consideration is limited to those agreed facts. *Id.* The agreed facts are binding on the parties, the trial court, and the

appellate court. *Patton v. Porterfield*, 411 S.W.3d 147, 153-54 (Tex. App.—Dallas 2013, pet. denied). In an appeal of an "agreed" case, there are no presumed findings in favor of the judgment. *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 735 (Tex. App.—Fort Worth 1996, writ denied). We presume conclusively that the parties have brought before the court all facts necessary for the presentation and adjudication of the case. *Cummins & Walker Oil Co. v. Smith*, 814 S.W.2d 884, 886 (Tex. App.—San Antonio 1991, no writ). We do not review the legal or factual sufficiency of the evidence but simply review the trial court's order to determine if it correctly applied the law to the agreed stipulated facts. *Panther Creek Ventures*, 234 S.W.3d at 811.

**DISCUSSION**

To amend deed restrictions, three conditions must be met. *See Wilchester W. Concerned Homeowners LDEF, Inc. v. Wilchester West Fund, Inc.*, 177 S.W.3d 552, 562 (Tex. App.—Houston [1st Dist.] 2005, pet. denied); *Dyegard Land P'ship v. Hoover*, 39 S.W.3d 300, 313 (Tex. App.—Fort Worth 2001, no pet.). First, the instrument creating the original restrictions must establish both the right to amend and the method of amendment. *Wilchester West*, 177 S.W.3d at 562; *Dyegard Land P'ship*, 39 S.W.3d at 313. Second, the right to amend implies only those changes contemplating a correction, improvement, or reformation of the agreement rather than its complete destruction. *Wilchester West*, 177 S.W.3d at 562; *Dyegard Land P'ship*, 39 S.W.3d at 313. Third, the amendment must not be illegal or against public policy. *Wilchester West*, 177 S.W.3d at 562; *Dyegard Land P'ship*, 39 S.W.3d at 313.

In the present case, the parties agree that the Restrictions established both the right to amend and the method of amending them and the DeGons do not challenge the

5

procedure by which the Restrictions were amended. Thus, the enforceability of the Amendment depends on (1) whether it corrects, reforms, or improves the Restrictions, rather than destroying them; and (2) whether the Amendment is illegal or against public policy.

We first consider whether imposing a minimum duration on leases of residences in the Poole Point Subdivision destroys the right to lease that was originally granted in the Restrictions. We conclude that it does not. The Restrictions do not grant homeowners an absolute or unlimited right to lease their residences. Instead, that right is "subject to all the provisions of" the Restrictions, which contain a provision permitting amendments. The Amendment, which was validly executed and recorded, does not completely prohibit the owners' ability to lease their residences. Rather, it imposes a minimum stay provision, establishing the minimum duration for a lease of a property owner's residence. *See Cavazos v. Board of Governors of the Council of Co-Owners of the Summit Condominiums*, No. 13-12-00524-CV, 2013 WL 5305237, at *3 (Tex. App.—Corpus Christi-Edinburg Sept. 19, 2013, no pet.) (mem. op.) (holding that minimum stay requirement did not completely prohibit the owners' ability to rent their property). The placing of certain conditions on the duration of a lease and the lessee's use of the leased property does not constitute "complete destruction" of the Deed Restrictions.[1] The Amendment reformed the right to lease contained in the Restrictions by setting a minimum duration for any leases and requiring that the lessees use the leased property as their residence

---

[1] We note that the trial court did not conclude that the Amendment destroyed the DeGons' right to lease their residence in the Poole Point Subdivision. Instead, it based its decision on its finding that the Amendment "defies the reasonable and settled expectations of the DeGons, who relied on the 1987 Declaration's grant of the right to lease the main dwelling without duration restriction and physical occupancy requirements." The DeGons purchased their property knowing that the Restrictions could be amended and that the right to lease was "subject to all provisions" in the Restrictions, including any valid amendments. For this reason, the DeGons could not reasonably have expected that there could never be restrictions placed on the right to lease their residence.

6

for the duration of the lease. Thus, unless the Amendment is illegal or against public policy, it constitutes an enforceable limitation on the right to lease the Property.

Modifications to deed restrictions that impose greater restrictions are not prohibited by law when they are consistent with the overall plan of development. *See Dyegard Land P'ship*, 39 S.W.3d at 313 (upholding amendment to property restrictions that imposed prohibition against drilling private water wells when no such restriction previously existed); *Harrison v. Air Park Estate Zoning Comm.*, 533 S.W.2d 108, 111 (Tex. App.—Dallas 1976, no writ) (holding that modification to original restrictive covenant, although more restrictive, "was consistent with the overall plan of the development and was neither unreasonable nor prohibited by law"); *see also* 16 Tex. Jur. 3d, *Covenants, Conditions, and Restrictions* § 115 (2021) ("A restriction modified so as to make it even more restrictive is neither unreasonable nor prohibited by law where it is consistent with the overall plan of development and is adopted according to the subdivision plan."). The Restrictions for the Poole Point Subdivision indicate the intent that it be a residential community. For example, the Restrictions provide that "[a]ll property [] shall be used, devoted, improved and occupied exclusively for Single Family Residential Use." The Restrictions also prohibit business or commercial activity within the subdivision with the exception of "the leasing of a single family dwelling by the Owner thereof, subject to all the provisions" of the Restrictions. "[R]estrictions placed upon lots for the purpose of prescribing and preserving the residential character thereof are looked upon with favor by the courts." *Wald v. West MacGregor Protective Ass'n*, 332 S.W.2d 338, 343 (Tex. App.—Houston 1960, writ ref'd n.r.e.). The minimum duration requirement created by the Amendment reinforced the existing residential use and occupancy restriction and the prohibition against commercial activities. Furthermore, the Texas Supreme Court has indicated that amending deed restrictions

7

is an appropriate method for specifying a minimum duration for leases in a residential subdivision. *See Tarr v. Timberwood Park Owners Ass'n*, 556 S.W.3d 274, 277 (Tex. 2018). In *Tarr*, the supreme court was asked to determine whether short-term vacation rentals violated restrictive covenants that limited tracts to residential purposes and single-family residences. While declining to construe the covenants as they existed to prohibit short-term leases, the supreme court noted that "throughout the dispute, neither the association nor Tarr attempted to amend the deed restrictions to specify a minimum duration for leasing—an option available to both of them under the deed's amendment provisions." *Id.* Thus, in *Tarr* the supreme court acknowledged the propriety of amending residential-use deed restrictions to place durational limits on leases, which is precisely what Poole Point did. If such amendments were illegal or against public policy, the supreme court would not have described them as an available option.

We conclude that the Amendment is valid and enforceable because it meets the requirements that it (1) corrects, reforms, or improves the Restrictions, rather than destroying them; and (2) is not illegal or against public policy. *See Wilchester West*, 177 S.W.3d at 562; *Dyegard Land P'ship*, 39 S.W.3d at 313. Consequently, the trial court erred in determining that the Amendment was unenforceable against the DeGons and rendering judgment in their favor. We therefore reverse the trial court's judgment granting the DeGons' request for declaratory relief.

On appeal, Poole Point challenges the trial court's award of attorneys' fees to the DeGons. *See* Tex. Civ. Prac. & Rem. Code § 37.009 (in proceeding under Uniform Declaratory Judgments Act (UDJA), court may award costs and reasonable and necessary attorneys' fees as are equitable and just). Poole Point argues that, because the DeGons are not entitled to the declaratory relief sought, this Court should reverse the award of attorneys' fees and render judgment denying them recovery of any attorneys' fees. In the alternative, Poole Point argues

8

that the Court should remand the cause to the trial court for reconsideration of whether the DeGons are entitled to attorneys' fees under the UDJA.

"Under section 37.009, a trial court may exercise its discretion to award attorneys' fees to the prevailing party, the nonprevailing party, or neither." *Feldman v. KPMG LLP*, 438 S.W.3d 678, 685 (Tex. App.—Houston [1st Dist.] 2014, no pet.). Thus, a trial court has the discretion to award attorneys' fees to a party even if it does not prevail. *Feldman*, 438 S.W.3d at 685-86 (concluding that trial court had power to award attorneys' fees under UDJA even though it had dismissed claim for declaratory relief for lack of jurisdiction). However, because on appeal the DeGons' status has changed from a prevailing party to a non-prevailing party, we will remand the issue of attorneys' fees to the trial court for reconsideration. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 637-38 (Tex. 1996) (remanding case to district court to consider and exercise its discretion to award attorneys' fees under UDJA when party may no longer have "substantially prevailed" in litigation); *Berquist v. Lamar Gateway Baceline Holdings, LLC*, No. 03-19-00096-CV, 2020 WL 4462328, at *6 (Tex. App.—Austin July 24, 2020, no pet.) (mem. op.) (when declaratory judgment is reversed on appeal, trial court's award of attorneys' fees may no longer be equitable and just).

Poole Point maintains that this Court should render judgment awarding it attorneys' fees, in the amount the parties stipulated was reasonable and necessary, pursuant to Texas Property Code section 5.006. *See* Tex. Prop. Code § 5.006. Section 5.006 provides that "[i]n an action based on breach of a restrictive covenant pertaining to real property, the court shall allow to a prevailing party who asserted the action reasonable attorney's fees in addition to the party's costs and claim." *Id.* However, at this stage Poole Pointe's claims based on the DeGons' breach of the Restrictions and its request for a cease-and-desist order have not been

9

adjudicated. In its original answer, Poole Point asserted a counterclaim alleging that the DeGons breached the Restrictions and sought to enforce those restrictions through a cease-and-desist order. Poole Point also sought declaratory judgment that the Restrictions, as amended, were valid and enforceable against the DeGons. The trial court denied these requests in its final judgment when it declared that the DeGons were entitled to the declaratory relief they sought and concluded: "This judgment is final and appealable and disposes of all parties and all claims. All relief not expressly granted herein is denied." *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree."). We are remanding this case for the trial court to reconsider the award of attorneys' fees to the DeGons pursuant to the UDJA. On remand, and in light of this Court's opinion, Poole Point may secure a ruling on its counterclaim for breach of the Restrictions, request that the court enter a cease-and-desist order, and request specific declarations regarding the enforceability of the Restrictions. It may also seek to recover its "reasonable attorneys' fees" pursuant to Texas Property Code section 5.006.

### CONCLUSION

For the reasons stated in this opinion, we reverse the trial court's judgment granting the DeGons' request for declaratory relief. We remand the cause for the trial court to reconsider the award of attorneys' fees under section 37.009 of the UDJA. We also remand the cause to the trial court to consider Poole Point's counterclaims and request for attorneys' fees pursuant to section 5.006 of the Texas Property Code.

10

                           _____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Smith

Reversed and Remanded

Filed: March 24, 2022